**UNITED STATES of America**
v.
**George C. NICKERSON.**
**Crim. No. 12983.**

United States District Court
D. Massachusetts.
Sept. 20, 1954.

Anthony Julian, U. S. Atty., Charles F. Choate, David E. Place, Asst. U. S. Attys., Boston, Mass., for plaintiff.

Thomas W. Lawless, Boston, Mass., for defendant.

FORD, District Judge.

The defendant in this criminal proceeding pleaded guilty in this court on June 24, 1935 to an indictment returned against him and one Muise, charging theft from the mails in violation of 18 U.S.C. § 317 and 18 U.S.C. § 550.[1] On his plea of guilty he was sentenced to be imprisoned for two years and served his sentence in the United States North Eastern Penitentiary at Lewisburg, Pennsylvania. He now brings a motion in the nature of a writ of error *coram nobis* for the setting aside of the conviction and sentence on the ground they were void.

Defendant is now imprisoned in New Jersey under a ten to thirty year sentence imposed by the courts of that state in 1942. His expressed reason for the present motion is that the setting aside of the 1935 conviction in this court will change his status from that of a third offender to that of a second offender, and thereby make him eligible at an earlier date for parole under New Jersey law.

Defendant's basis for contending that the 1935 conviction and sentence were void is his claim that in the 1935 proceedings he was denied his constitutional right under the Sixth Amendment to the assistance of counsel. It is clear from the docket entries in the case that defendant was in fact not represented by counsel at that time. There is no evidence to controvert his testimony that he was then without funds to hire counsel. The issue here is whether defendant in 1935 waived his right to the assistance of counsel. Unless he did so, his conviction and sen-

1. Now 18 U.S.C.A. §§ 2, 1702, 1708.

tence must be held to be void. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The defendant, although he has served his sentence, is still subject to the adverse results of the conviction and is entitled to have it set aside in a proceeding in the nature of *coram nobis*. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247.

Defendant in 1935 was a man of twenty-four years of age. He had no special legal training, and in fact had never completed grammar school. In 1926 defendant had pleaded guilty in the Massachusetts Superior Court to charges of forgery and of carrying a dangerous weapon, and had served a jail sentence imposed therefor. The records of the Massachusetts court show that he was on that occasion represented by counsel. In 1933 he was given a jail sentence by the Portland Municipal Court in Maine on his plea of guilty to a charge of theft from the mails. He had a lawyer also in that case, but dismissed him at some time during the proceedings.

Defendant himself testified that at the time of his arrest and conviction in 1935 he was without funds to hire counsel, that he did not know that in such circumstances he had a constitutional right to have counsel assigned to him, that neither the judge nor anyone connected with the court informed him of his rights or inquired if he wished to be represented by counsel. His co-defendant Muise, who was present in the same courtroom on June 24, 1935, testified that he himself was asked by a probation officer at that time if he wanted a lawyer, but that he did not hear anyone make such an inquiry of Nickerson.

There was no other witness available who was present in the courtroom when defendant pleaded and was sentenced. The judge who imposed the sentence is deceased. The judge's secretary was not present on that occasion and her testimony was in substance only that the judge was generally careful to protect the rights of criminal defendants, and that on other occasions she had heard him ask other defendants if they wished counsel when they appeared without a lawyer. There is little conclusive in this.

The United States argues that defendant by his course of conduct in pleading guilty without requesting the assistance of counsel made an effective waiver of his right to counsel. While a waiver might be implied from such conduct in some circumstances, a waiver, to be effective, must be intelligently made. A defendant's failure to request counsel does not constitute a waiver if he does not know that he has a right to have counsel. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686. Defendant here says he did not know in 1935 that he had a right to have counsel assigned to represent him. The government contends that because of his previous contact with the law he must have known of his rights. From his previous court appearances it can well be argued that he knew he had a right to a lawyer to represent him if he could afford to hire one. But this does not imply that he was aware of his right, when indigent, to have counsel assigned to him. This is especially true since the 1935 appearance was his first one in a federal court where his rights were determined by the Sixth Amendment. His earlier trials were in state courts where his rights to assignment of counsel would be determined by the less stringent requirements of the Fourteenth Amendment. Betts v. Brady, 316 U.S. 455, 461, 462, 62 S.Ct. 1252, 86 L.Ed. 1595. Furthermore, it is to be noted that the first definitive pronouncement of the United States Supreme Court as to the scope of the right to the assistance of counsel was not made until the decision in Johnson v. Zerbst, supra, decided in 1938, three years after defendant's conviction. There is nothing in the circumstances here to show that defendant had such a knowledge of his rights as an indigent defendant to have counsel appointed to assist him as would make his conduct

in failing to ask for counsel and in proceeding without counsel, a waiver of his constitutional rights.

Consequently, it must be found that defendant made no effective waiver of his right to the assistance of counsel. The proceedings on June 24, 1935, in which he was without counsel and had not waived his right to counsel, were a denial of his right to the assistance of counsel as afforded him by the Sixth Amendment, and were consequently invalid. The motion to set aside the conviction and sentence is allowed.