Francis **WILSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 6, 1966.

Rehearing Denied July 1, 1966.

J. David Francis, John David Cole, Leland H. Logan, Francis, Potter & English, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

This is an appeal from an order of the Warren Circuit Court denying jurisdiction to entertain the appellant's motion under RCr 11.42 to void a 1933 conviction of dwelling house breaking. Appellant duly served this sentence. In 1935 he was again convicted of dwelling house breaking in the Warren Circuit Court. This sentence was likewise served. Appellant is cur-

rently confined under a sentence to life imprisonment as an habitual criminal. That sentence was imposed incident to a 1964 conviction in the Monroe Circuit Court for storehouse breaking. See the companion case, Wilson v. Commonwealth of Kentucky, Ky., 403 S.W.2d 705, this day decided.

Appellant's motion, filed September 3, 1964, alleges that his 1933 Warren Circuit Court conviction is void on two grounds: First, his plea of guilt was made without the assistance of counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, 93 A.L.R.2d 733; second, the Warren Circuit Court was without jurisdiction to try appellant in 1933, when the Warren County Juvenile Court had not accepted jurisdiction over him and waived his juvenile rights, pursuant to then Kentucky Statutes, section 331e–2.

RCr 11.42 reads as follows:

"(1) A prisoner in custody under sentence who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court which imposed the sentence to vacate, set aside or correct it."

The question before this Court is whether the remedy provided by RCr 11.42 is available to set aside a completely executed 1933 sentence when the prior conviction which invoked that sentence is the basis for a life sentence under a 1964 conviction pursuant to KRS 431.190 (Habitual Criminal Statute).

In Sipple v. Commonwealth, Ky., 384 S. W.2d 332 (1964), this Court defined the limits of RCr 11.42 by stating:

"* * * However, RCr 11.42 does not provide, expressly or by implication, for the review of any judgment other than the one or ones pursuant to which the movant is being held in custody."

Appellee relies on several federal cases which construe the application of 28 U.S.

C.A. § 2255, which is comparable to our RCr 11.42. See United States v. Lavelle, 194 F.2d 202 (2d Cir. 1951); United States v. Bradford, 194 F.2d 197 (2d Cir. 1952); Lopez v. United States, 186 F.2d 707 (9th Cir. 1950); Crow v. United States, 186 F.2d 704 (9th Cir. 1950). In Crow v. United States, supra, the Court, in affirming the dismissal of appellant's motion under section 2255, noted that the service of the sentence which the appellant attacked in the proceeding had not begun, and said:

"If appellant's position were sustained, the proceeding under the section could be invoked to set aside sentences served as well as sentences to be served in the future. Since the motion under Section 2255 was designed to provide a direct attack in place of collateral attack under habeas corpus, it is logical to conclude that the intent of Congress was to limit the scope of relief under it to that on habeas corpus. Relief under habeas corpus is limited to release from present detention. It is not available to test the legality of threatened detention. It does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release."

RCr 11.42 is a procedural remedy designed to give a convicted prisoner a direct right to attack the conviction under which he is being held. It is supplemental to the right of habeas corpus, and we must accept the plain meaning of the language of the rule. Appellant is not in custody by virtue of the 1933 Warren Circuit Court conviction, nor has he shown or claimed a right to be released from custody of that sentence. He is seeking to use a remedy in a manner which was never intended by the Court in drafting RCr 11.42. This Court is not prepared to extend the relief provided by RCr 11.42 to a case of this type.

Since appellant may not invoke RCr 11.42, his available remedy, if he has one at all, must be under CR 60.02, which replaced the writ of coram nobis. Coram nobis has been relied upon in our federal courts to grant relief in similar case situations. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Nickerson, 124 F.Supp. 35 (D.C.Mass.1954). RCr 11.42 is not a bar to a motion under CR 60.02, but actually supplements CR 60.02. Although RCr 11.42 does not lie here, the appellant is still subject to the adverse results of the conviction and is entitled to have it set aside in a proceeding in the nature of coram nobis if the circumstances demand such relief. United States v. Nickerson, supra.

However, CR 60.02 is an extraordinary remedy and is available only when a substantial miscarriage of justice will result from the effect of the final judgment. In both United States v. Morgan, supra, and United States v. Nickerson, supra, the Court found that the defendant was without counsel as a matter of fact and therefore granted coram nobis pursuant to this finding on the ground that substantial injustice would result if the conviction were allowed to stand. In the instant case, there is no such clear showing of lack of counsel. The only testimony of anyone in the courtroom that appellant had no counsel comes from the appellant himself. The name "Stagner" (a practicing attorney in Bowling Green, in 1932) appears on the top of the indictment, and an examination of indictments of the Warren Circuit Court reveals the practice of the judge in placing the name of the defense attorney at the top of the indictment. The jury's verdict was written on the indictment and signed by the foreman. "It is presumed the proceedings were correct and the burden rests on the accused to show otherwise." United States v. Morgan, supra, 346 U.S. at p. 512, 74 S.Ct. at p. 253.

Concerning appellant's argument that the Warren Circuit Court was without jurisdiction to try him in 1933, we note that the statute then existing (Kentucky Statutes, sec. 331e-2) provided that the county court

had jurisdiction of all juvenile cases. The county court was directed to keep a special record book to be known as "the juvenile record," and the calendar of the court upon which should appear the juvenile cases was to be known as "the juvenile docket." The record does not show whether either of the documents was kept. It was stipulated that an order book of the juvenile session of the Warren County Court was kept and for the year in question seven orders were entered, each being a judgment of conviction to the reformatory or to the Kentucky Children's Home. It was further stipulated that there were no orders in which the juvenile session of the Warren County Court waived its jurisdiction on any defendant to the circuit court, nor was there any order relating to this appellant.

The record does disclose an order of the Warren Quarterly Court showing the appellant waived examining trial and was held to the grand jury. The same man serves as County Court Judge, as Quarterly Court Judge, and as Juvenile Court Judge. The order of the quarterly court is certain evidence that the juvenile judge knew that appellant had been arrested and charged with a crime. Consequently, it is evident that the juvenile court did waive jurisdiction over appellant despite the fact no juvenile record was kept in which to record the event.

A portion of the opinion of the Warren Circuit Court reads as follows:

"The presumption of law is that the proceedings were regular. The proceedings occurred more than 31 years ago. The Courthouse has been renovated, old records scattered, removed from the Courthouse, and difficult to locate. Judge R. C. P. Thomas, the County Judge, is dead; Judge N. Porter Sims, the Circuit Judge, is dead; Frank Goad, the Commonwealth Attorney, is dead; Joe S. Kirby, the foreman of the jury, is dead. Human memory is faulty. Judge Thomas and Judge Sims were careful and painstaking Judges. * * * The record indicates a plea of guilty was entered and the penalty assessed by the Jury. The sentence was executed and served."

There is an absence of proof that substantial injustice will result; consequently, the appeal must fail.

The judgment is affirmed.