persistent felony offender charge which was based on the 1976 convictions. At his RCr 11.42 hearing, appellant admitted that at the time he plead guilty to being a persistent felon he did not raise any issue about the validity of his 1976 guilty pleas. By failing to do so he waived his right to contest them in any subsequent post-conviction proceeding. *Ray v. Commonwealth, supra; Copeland v. Commonwealth, supra.*

There is a substantial difference between a situation in which the record in a guilty plea proceeding does not pass constitutional muster, and one in which post-conviction proceedings are filed after a defendant has already had an opportunity to raise issues about the validity of earlier guilty pleas but has failed to do so. In the latter instance we should not afford the defendant a second bite at the apple. Moreover, we fail to perceive that there is any constitutional impediment in following such a course since we do not believe that the persistent felony offender type of situation was anticipated or was it meant to be encompassed in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The trial court is affirmed.

ALL CONCUR."

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., AKER, GANT, LEIBSON and STEPHENSON, JJ., and TIPTON and WARREN, Special Justices, concur.

Steven L. Beshear, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for respondent.

OPINION OF THE COURT

The instant case is an appeal from the order of the trial court overruling an RCr 11.42 motion to set aside a previous conviction used as a basis of a subsequent conviction as a persistent felony offender in the first degree.

The Court of Appeals dismissed the appeal without reaching the merits on the basis of *Wilson v. Commonwealth,* Ky., 403 S.W.2d 710 (1966), because Keltee had completed his sentence long before the RCr 11.42 motion was filed.

On motion for discretionary review, movant asks that this court treat the RCr 11.42 motion as a CR 60.02 motion in the interest of judicial economy. We have elected to do so because the critical issues in this case, were it a 60.02 motion, are the same as those which have been considered and decided in *Gross v. Commonwealth,* Ky., 648 S.W.2d 853 (1983), decided this day.

For the reasons stated in *Gross,* the order of the trial court and the decision of the Court of Appeals are affirmed.

STEPHENS, C.J., AKER, GANT, LEIBSON and STEPHENSON, JJ., and TIPTON and WARREN, Special Justices, concur.

**Donald Edward KELTEE, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

March 30, 1983.

Jack E. Farley, Public Advocate, Mark A. Posnansky, Asst. Public Advocate, Frankfort, for movant.

**Connie KIMBRO, Appellant,**

v.

**Hon. James M. LASSITER, Judge, Calloway Circuit Court, and Hon. David Buckingham, Judge, Calloway District Court, Appellees.**

Supreme Court of Kentucky.

April 20, 1983.