779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY E. GREENWELL, Petitioner-Appellant,
v.
JOHN REES, WARDEN, Respondent-Appellee.
 85-5463
 United States Court of Appeals, Sixth Circuit.
 10/24/85
 
 VACATED AND REMANDED
 
 
 1
 W.D.Ky.
 
 ORDER
 
 2
 Before: ENGEL and MILBURN, Circuit Judges; COOK, District Judge.*
 
 
 3
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 In this action brought under 28 U.S.C. Sec. 2254, petitioner is attacking the constitutionality of a 1976 Kentucky narcotics conviction. The district court dismissed the petition sua sponte for want of exhaustion of state court remedies. This appeal followed the issuance of a certificate of probable cause. On appeal, petitioner has filed an informal brief and moves for the appointment of counsel. Respondent has indicated by letter to the Court that he does not intend to file a pleading in response to the informal brief and he moves to dismiss the appeal.
 
 
 5
 The district court, in dismissing the action, concluded that petitioner had failed to exhaust available state postconviction relief, i.e., Rule 11.42, Kentucky Rules of Criminal Procedure. Upon consideration, we find ourselves in disagreement with this disposition. It does not appear that this avenue is open to petitioner since documents accompanying petitioner's filing of May 13, 1985 (which we construe to be a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure) indicate that petitioner has fully served the sentence in question. Under such circumstances Wilson v. Commonwealth, 403 S.W.2d 710 (Ky. 1966), holds that the only collateral attack upon this judgment available to petitioner in Kentucky law is a motion under Rule 60.02, Kentucky Rules of Civil Procedure. The May 13, 1985 filing indicates that petitioner has indeed properly exhausted this state court remedy, although any final determination of this issue should, of course, be made in the district court. We offer no binding opinion on the proper resolution of this question nor on the merits of the petition generally. We also observe that it is unclear whether the district court will find that subject matter jurisdiction exists over this habeas claim. Although petitioner may have exhausted his remedy by his state collateral attack under Kentucky Rule 60.02, he does not appear to be under any present or future danger of restraint from the conviction he has already served.
 
 
 6
 It appears therefore that the district court clearly erred in dismissing the petition on non-exhaustion grounds. The other issues suggested herein are raised only for the trial court's information and guidance on remand. We do not have sufficient record or research to reach those issues here. Accordingly,
 
 
 7
 It is ORDERED that the motion to dismiss be denied and that the motion for counsel is denied and that the final order of the district court is vacated and the cause remanded for further proceedings. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Judge for the United States District Court for the Eastern District of Michigan, sitting by designation