RENDERED:  OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1490-MR

BRIAN A. QUEEN, SR.                                         APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 12-CR-003073


COMMONWEALTH OF KENTUCKY                                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Brian A. Queen, Sr., *pro se*, brings this appeal from an August 21, 2018, order of the Jefferson Circuit Court denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion to vacate his final judgment of imprisonment.  We affirm.

On February 18, 2012, appellant robbed a BB&T Bank in Louisville, Kentucky.  He was indicted by the Jefferson County Grand Jury on October 8,

2012. Appellant ultimately entered a guilty plea and on April 17, 2014, the circuit court sentenced appellant to a total of ten-years' imprisonment upon his guilty plea to first-degree robbery, tampering with physical evidence, and two counts of first-degree fleeing or evading police. Because of the first-degree robbery conviction, appellant was classified as a violent offender and was required to serve 85 percent of his sentence before being considered parole eligible.

Some three years later, on August 17, 2018, appellant, *pro se*, filed a CR 60.02 motion seeking to have the court amend his first-degree robbery conviction to second-degree robbery. Appellant pointed out that he never directly threatened anyone with a gun during the robbery. By amending his conviction to second-degree robbery, appellant believed he would become parole eligible.

By order entered August 21, 2018, the circuit court denied the CR 60.02 motion. This appeal follows.

A CR 60.02 motion is an extraordinary remedy only available to remedy a "substantial miscarriage of justice[.]" *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). CR 60.02 reads:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than

perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

And, we review the circuit court's denial of a CR 60.02 motion for abuse of discretion. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009).

Appellant contends that he was entitled to CR 60.02 relief because the violent offender statute (Kentucky Revised Statutes (KRS) 439.3401) is unconstitutional. He argues that KRS 439.3401 is unconstitutionally vague and violates separation of powers by permitting the judicial branch to determine parole eligibility.

We begin by pointing out that appellant did not allege that KRS 439.3401 was unconstitutional in his CR 60.02 motion before the circuit court. Instead, he raises this argument for the first time on appeal; thus, he is only entitled to relief if the error was palpable per Kentucky Rules of Criminal Procedure (RCr) 10.26.

Appellant has failed to demonstrate that KRS 439.3401 is unconstitutional. As opposed to appellant's contention, KRS 439.3401 does not

empower the judicial branch to determine parole eligibility. Rather, the parole board will determine whether to grant appellant parole after he serves 85% of his sentence of imprisonment. Additionally, we believe KRS 439.3401 is reasonably clear so as not to be vague as to its terms. Hence, we conclude that KRS 439.3401 is not unconstitutional.

Appellant also argues that the circuit court improperly categorized him as a violent offender under KRS 439.3401. A plain reading of KRS 439.3401(1) reveals that a defendant who has been convicted of or pleaded guilty to first-degree robbery is a violent offender. It is undisputed that appellant pleaded guilty to first-degree robbery and was properly classified as a violent offender under KRS 439.3401(1).

Accordingly, we conclude that appellant failed to demonstrate palpable error and that the circuit court did not abuse its discretion by denying appellant's CR 60.02 motion.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brian A. Queen, Sr., *Pro Se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky