RENDERED: MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1195-MR

JEFFERY ALLEN MORRIS                               APPELLANT

v.            APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE JERRY J. COX, JUDGE
ACTION NO. 02-CR-00095-001

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND L. THOMPSON, JUDGES.

JONES, JUDGE: Acting without the assistance of counsel, the Appellant, Jeffery Allen Morris appeals the Pulaski Circuit Court's June 22, 2020 order denying him relief from his criminal conviction and related sentence. We affirm.

Morris pleaded guilty to complicity to commit the murder of Pulaski County Sheriff Sam Catron. In exchange for his plea, Morris was sentenced to life imprisonment without the possibility of parole for twenty-five years. A judgment

of conviction on his guilty plea was entered on or about September 15, 2003. Morris is currently incarcerated at the Eastern Kentucky Correctional Complex ("EKCC").

On June 15, 2020, Morris filed a motion requesting the circuit court to "to relieve him of the remainder of his sentence pursuant to CR[1] 60.02(f)/CR 60.03, and the Eighth and Fourteenth Amendments to the United States Constitution." Therein, Morris argued that the circuit court should provide him relief from his sentence because the COVID-19 pandemic endangered his life as well as the lives of all prisoners incarcerated in the Commonwealth of Kentucky. He specifically asserted that the conditions at EKCC made it more likely he would contract COVID-19 because of overcrowding, double bunking of prisoners, and poor ventilation. Morris filed his motion in his criminal action. He did not bring a separate civil suit against EKCC's warden as is typical in condition of confinement cases.

The circuit court denied Morris's motion prior to the Commonwealth's time for a response. The circuit court's order provides:

> This matter comes before the Court on Movant Jefferey
> [sic] Allen Morris's Motion to Modify Sentence Pursuant
> to CR 60.02(f), CR 60.03, and the Eighth and Fourteenth
> Amendments to the United States Constitution. The
> Court finds that there are no extraordinary circumstances
> justifying relief under CR 60.02(f), Morris has not

---

[1] Kentucky Rules of Civil Procedure.

initiated an independent action as required by CR 60.03, and that Morris's sentence does not run afoul of the United States Constitution. For these reasons, Morris's Motion is hereby DENIED.

Having reviewed the record, we discern no abuse of discretion by the circuit court. CR 60.02 is designed to relieve a litigant from a judgment where there has been "some significant defect in the trial proceedings or evidence at trial[.]" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985) (citing *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)). "The hardships cited by the appellant have no relation to the trial proceedings or any additional undiscovered evidence not presented at trial[.]" *Id.* Simply put, the COVID-19 pandemic, an event that began just shy of two decades after Morris's judgment was entered, and has nothing whatsoever to do with his conviction, is not an extraordinary circumstance that entitles him to relief from his judgment of conviction. *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) ("We are not insensitive to Ramsey's unfortunate circumstances [medical issues], but rather simply hold that the trial court correctly found that CR 60.02 is not the appropriate means for any potential relief to which he may be entitled.").

CR 60.03 provides: "Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding

by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule." Relief under CR 60.03 is not available because Morris did not file a separate civil action. And, even if he had done so, release in this instance is governed by probation and parole. It would be inappropriate for a court to circumvent the executive branch by ordering early release pursuant to CR 60.03 based solely on the COVID-19 pandemic.

Finally, to the extent that Morris alleges a violation of his Eighth and Fourteenth Amendment rights based on the conditions of his confinement, he must bring a separate civil action against the EKCC's warden. *Williams v. Commonwealth*, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753, at *3 (Ky. App. Mar. 12, 2021) ("Conditions of confinement claims are civil in nature; as such, the sentencing court is not the proper forum to address them."). And, while such a suit could possibly provide Morris with some measure of injunctive and/or other civil relief, it cannot provide him with relief from his criminal judgment. *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[R]elief of an Eighth Amendment violation does not include release from confinement."); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) ("Assuming [a]rguendo that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The

appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").

Accordingly, for the reasons set forth above, we affirm the Pulaski Circuit Court's June 22, 2020 order.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Jeffery Allen Morris, *pro se* | Daniel Cameron |
| West Liberty, Kentucky | Attorney General of Kentucky |
| | |
| | James Havey |
| | Assistant Attorney General |
| | Frankfort, Kentucky |