RENDERED: AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1145-MR

EUGENE WADE, JR.                                                    APPELLANT

v.                    APPEAL FROM WOLFE CIRCUIT COURT
                      HONORABLE KENNETH PROFITT, JUDGE
                      ACTION NO. 16-CR-00066

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE: Eugene Wade, Jr.[1] appeals the Wolfe Circuit Court's September 2, 2020 order overruling his motion to amend the final judgment. Wade asked the circuit court to grant his request for home incarceration because he feared

---

[1] Eugene Wade issued a "Nunc Pro Tunc Declaration of Nationality and At Will Right of Name Correction." We note that his preferred name is Yadiel Amarum Binyah, but this is not an official, court-ordered name change.

contracting the COVID-19 virus in prison.  On appeal, Wade argues the circuit court erred in denying his request.  Finding no error, we affirm.

## BACKGROUND

Wade pleaded guilty to first-degree manslaughter, facilitation to commit murder, and tampering with physical evidence.  He received a total sentence of fifteen years.

While serving his sentence, the COVID-19 pandemic swept the nation.  Out of fear of contracting the virus, Wade filed a motion to amend his judgment under CR[2] 60.02 and CR 60.03.  In that motion, Wade claimed that because he is African American, and African Americans have a disproportionate number of deaths, he should be released from custody and put on home incarceration.

The circuit court held an evidentiary hearing at which Wade did not put on any evidence.  He only made unsworn statements that some of the guards were not wearing appropriate facial coverings.  He failed to offer evidence that the correctional facility was ignoring the pandemic or making no effort to comply with state and/or federal guidelines for penal institutions.  Additionally, Wade candidly told the circuit court that he suffered no physical condition that would place him in an "at-risk" category.

---

[2] Kentucky Rules of Civil Procedure.

The circuit court considered the written motion and oral argument by Wade and rendered a written order. In that order, the circuit court acknowledged that COVID-19 was an understandable concern, but there were no facts in evidence that would allow it to sustain Wade's motion. Because of that, the circuit court never reached a decision under the legal grounds available under CR 60.02, CR 60.03, the Eighth Amendment, or the Fourteenth Amendment.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 and CR 60.03 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted); *Rogers Group, Inc. v. Masterson*, 175 SW.3d 630, 636 (Ky. App. 2005) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). Constitutional questions are reviewed *de novo. Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

## ANALYSIS

This is not the first review of a circuit court's denial of a prisoner's release from incarceration based on alleged fears of contracting COVID-19. *See Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL

-3-

1164461 (Ky. App. Mar. 26, 2021); *Williams v. Commonwealth*, No. 2019-CA-0964-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021). We see nothing in the facts of this case to conclude the circuit abused its discretion when it denied Wade's motion.

CR 60.02 is designed to relieve a litigant from a judgment where there has been "some significant defect in the trial proceedings or evidence at trial[.]" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985) (citing *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)). "The hardships cited by the appellant have no relation to the trial proceedings or any additional undiscovered evidence not presented at trial[.]" *Id.* The same is said here: the hardships suffered by Wade, if any, are not related to the trial proceedings or undiscovered evidence.

As with the litigants who came before this court with similar COVID-19 pandemic complaints, the facts he alleges occurred after entry of the judgment and have nothing to do with reason for his conviction. Therefore, COVID-19 is not an extraordinary circumstance entitling him to relief from his judgment of conviction. Even in *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014), before the COVID-19 pandemic, this Court would not grant CR 60.02 relief due to medical issues. "We are not insensitive to Ramsey's unfortunate circumstances [medical issues], but rather simply hold that the trial court correctly

-4-

found that CR 60.02 is not the appropriate means for any potential relief to which he may be entitled." *Id.*

During the past year, this Court has consistently held that CR 60.03 does not authorize relief to litigants who failed to file a separate civil action. *See Morris*, 2021 WL 1933656, at *2. This is because CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

Relief under CR 60.03 is unavailable to Wade because he failed to file a separate civil action. Even if he had, relief would still be inappropriate because statutes and regulations addressing probation and parole govern a convicted felon's release from prison. This Court cannot circumvent the executive branch by ordering early release pursuant to CR 60.03 based solely on the COVID-19 pandemic.

To the extent Wade alleges a violation of his Eighth and Fourteenth Amendment rights based on the conditions of his confinement, he must bring a separate civil action against the warden where he is confined. *Williams v. Commonwealth*, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753, at *3 (Ky. App. Mar. 12, 2021) ("Conditions of confinement claims are civil in nature; as such, the sentencing court is not the proper forum to address

them."). Additionally, the Eighth Amendment cannot provide Wade with the specific relief he requests. *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[R]elief of an Eighth Amendment violation does not include release from confinement."); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) ("Assuming [a]rguendo that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").

The circuit court was correct in denying Wade's motions without consideration of the legal grounds. Each of the legal avenues Wade tried to follow were dead ends for him because each was premised upon or designed for other relief. None was a pathway to his freedom.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the Wolfe Circuit Court's September 2, 2020 order.

ALL CONCUR.


BRIEF FOR APPELLANT:

Eugene Wade Jr., *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Leilani K. M. Martin
Frankfort, Kentucky