RENDERED: JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0904-MR

CHARLES STANFILL, JR.                                          APPELLANT

v.
APPEAL FROM CALLOWAY CIRCUIT COURT
HONORABLE JAMES T. JAMESON, JUDGE
ACTION NO. 10-CR-00212

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE: Charles Stanfill, Jr. appeals the Calloway Circuit Court's order denying his motion for relief under Kentucky Rules of Civil Procedure (CR) 60.02, 60.03, and the Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

Stanfill is serving a twenty-year sentence for manufacturing methamphetamine, second offense. On June 4, 2020, Stanfill filed a *pro se* motion asking the Calloway Circuit Court to "relieve him of the remainder of his sentence pursuant to CR 60.02(f), CR 60.03, and the Eighth and Fourteenth Amendments to the United States Constitution" based on his being high-risk for severe complications from the COVID-19 virus. The circuit court entered an order denying Stanfill's motion on June 9, 2020, determining that there were no facts in evidence to show that Stanfill's risks of contracting COVID-19 increased when compared with the risks to which Stanfill would face if he were to be released from custody. The circuit court further concluded that Stanfill had not shown facts to justify relief under CR 60.02, CR 60.03, or Kentucky Rule of Criminal Procedure (RCr) 11.42. Thereafter, Stanfill filed this timely *pro se* appeal.

On appeal, Stanfill claims the circuit court should have granted an evidentiary hearing before ruling on his motion. We review rulings on motions made pursuant to CR 60.02 and 60.03 for an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted); *Rogers Group, Inc. v. Masterson*, 175 S.W.3d 630, 636 (Ky. App. 2005) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). We review

constitutional questions *de novo*. *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

We see nothing in the facts of this case to conclude the circuit court abused its discretion when it denied Stanfill's motion. CR 60.02(f) permits a court to vacate a final judgment if there is a "reason of an extraordinary nature justifying relief." Its purpose is to remedy "some significant defect in the trial proceedings or evidence at trial" which resulted in "a substantial miscarriage of justice[.]" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985) (quoting *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)).

Here, the facts concerning COVID-19 that Stanfill alleges occurred after entry of the judgment have nothing to do with remedying a "significant defect in the trial proceedings or evidence at trial[.]" *Id*. Moreover, a separate panel of this Court has held that a prisoner's medical fears are not subject to the remedy provided by CR 60.02 because they are unrelated to any ostensible trial error. *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014). Specifically, this Court stated that "[b]y extension of the Court's holding in *Wine*, we thus hold that physical ailments of a defendant are not tantamount to trial defects and therefore do not amount to claims of an extraordinary nature justifying (CR 60.02) relief." *Id*. (internal quotation marks and citations omitted).

Similarly, Stanfill's claims fail under CR 60.03, which permits a court "to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds." However, CR 60.03 also states that "[r]elief shall not be granted in an independent action *if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02*[.]" (Emphasis added.) As discussed previously, because Stanfill's claim is not subject to CR 60.02, relief is unavailable under CR 60.03. *See Foley*, 425 S.W.3d at 888.

Finally, Stanfill submits that his imprisonment encroaches upon the Eighth Amendment's protection against cruel and unusual punishment. However, this issue was not properly before the circuit court. Complaints regarding conditions of confinement are civil matters and, under Kentucky Revised Statute (KRS) 454.415(1)(d), may not be brought by an inmate until such inmate has exhausted the "administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility[.]" Stanfill has not produced evidence verifying that he has exhausted such administrative procedures. *See* KRS 454.415(3).

For the foregoing reasons, we affirm the Calloway Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:   BRIEF FOR APPELLEE:

Charles Stanfill, Jr., *pro se*  Daniel Cameron
Burgin, Kentucky     Attorney General of Kentucky

            E. Bedelle Lucas
            Assistant Attorney General
            Frankfort, Kentucky