RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0133-MR

ALLAN WIDDIFIELD                                         APPELLANT

APPEAL FROM HANCOCK CIRCUIT COURT
v.        HONORABLE THOMAS O. CASTLEN, SPECIAL JUDGE
ACTION NO. 12-CR-00040

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Allan Widdifield appeals from the Hancock Circuit Court's denial of his motion for post-conviction relief under Kentucky Rules of Civil Procedure (CR) 60.02 and 60.03.  We affirm.

In 2013, Widdifield was found guilty by a jury of manufacturing methamphetamine (firearm enhanced), first-degree trafficking in a controlled substance (firearm enhanced), unlawful possession of anhydrous ammonia in an

unapproved container with intent to manufacture methamphetamine, and possession of drug paraphernalia (firearm enhanced). In accordance with the jury's recommendation, the Hancock Circuit Court sentenced Widdifield to a total of twenty years' imprisonment.

The Kentucky Supreme Court affirmed Widdifield's conviction and sentence on direct appeal. *Widdifield v. Commonwealth*, No. 2013-SC-000664-MR, 2014 WL 4160228 (Ky. Aug. 21, 2014).

In 2016, Widdifield filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure (RCr) 11.42, based on allegations of ineffective assistance of counsel. The trial court denied the motion and we affirmed. *Widdifield v. Commonwealth*, Nos. 2016-CA-001514-MR and 2016-CA-001515-MR, 2018 WL 385540 (Ky.App. Jan. 12, 2018).

In February 2020, Widdifield filed a motion to obtain court records, asserting he needed them to file another motion for post-conviction relief. The trial court denied the motion in June 2020, noting that Widdifield had already unsuccessfully sought relief under RCr 11.42 and, given the nearly seven years which had elapsed since the trial, any CR 60.02 motion "could not be filed within a reasonable time."

In July 2020, Widdifield filed a motion for relief under CR 60.02 and 60.03, seeking to be placed on home incarceration or a similar program due to the

COVID-19 pandemic.  In October 2020, the court set a hearing via audioconference for November 2020.  The docket entry for that date merely states "C 12/22/20 9:30 A" (presumably continued to 12/22/20 at 9:30 a.m.).  A notice was issued setting Widdifield's motion for a hearing held via audioconference in December 2020.

After that notice was issued, but before the hearing date, Widdifield submitted a new CR 60.02 motion based on alleged prosecutorial misconduct.  Specifically, Widdifield alleged the Commonwealth Attorney had:  1) lied about not knowing the identity of a police officer shown in a photo at Widdifield's trial; 2) made an impermissible "send a message" argument in closing argument; and 3) failed to record the entirety of the grand jury proceedings.

On December 22, 2020, the court conducted a telephonic hearing.  Widdifield did not participate.  The proceeding contained no witness testimony.  Instead, the Commonwealth asked the court about submitting a written response and the court responded that the Commonwealth should instead submit a draft order denying the motion because it was "meritless" as the case had been "going on and on and on."  After the trial court issued a terse order denying Widdifield's motion(s), Widdifield filed this appeal.

Widdifield bears a heavy burden to show an entitlement to relief since "CR 60.02 is an extraordinary remedy and is available only when a substantial

miscarriage of justice will result from the effect of the final judgment." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). We review the trial court's denial of Widdifield's CR 60.02 motion pursuant to the deferential abuse of discretion standard. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

Widdifield's CR 60.02 motion fails because his motion raises issues which could, and should, have been raised on direct appeal. "Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or RCr 11.42 proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (internal quotation marks and citations omitted). In other words, "CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or an RCr 11.42 proceeding." *Foley*, 425 S.W.3d at 884.

Here, the issues raised by Widdifield involve alleged errors which occurred either at trial, or earlier. Therefore, there was no barrier preventing them from being raised within his direct appeal. While the trial court did not explicitly hold that the allegations in Widdifield's CR 60.02 motion could have been raised previously within his direct appeal, we may affirm as it is well-settled that an appellate court may affirm a lower court for any reason supported by the record. *See, e.g.*, *Kentucky Farm Bureau Mutual Insurance Co. v. Gray*, 814

S.W.2d 928, 930 (Ky.App. 1991). Having thus ruled, we need not discuss whether Widdifield's motions were filed "within a reasonable time" in accord with CR 60.02.

We also affirm the denial of relief pursuant to CR 60.03. First, "[t]he plain language of CR 60.03 requires a separate, independent action, which [Widdifield] did not file." *Jackson v. Commonwealth*, 640 S.W.3d 99, 103 (Ky.App. 2022). Second, "[b]ecause his argument is based upon the same core grounds that failed to satisfy CR 60.02(f), he is not entitled to relief under CR 60.03." *Id.*

Lastly, while it appears that Widdifield abandoned his claims relating to COVID-19, he would not be entitled to relief even had such been argued on appeal. *See, e.g.*, *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022).

For the foregoing reasons, the Hancock Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Allan Widdifield, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky