RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0974-MR

CATHERINE M. STEPHENS                                APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NO. 15-CR-001560

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE: Catherine M. Stephens ("Stephens") appeals from the Jefferson Circuit Court's order entered on July 7, 2022, which denied her motion for relief pursuant to CR[1] 60.02(e) and (f), CR 60.03, and the Eighth Amendment to the United States Constitution. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

## I.    BACKGROUND

Stephens entered a Family Dollar located at 3036 Wilson Avenue in Louisville, Kentucky on May 28, 2015, where she proceeded to conceal multiple items in a large shopping bag. Record ("R.") at 34. The assistant manager of the store attempted to stop Stephens after she triggered the store alarm as she left the store. *Id*. When the assistant manager confronted Stephens outside of the store, Stephens fired a handgun at the assistant manager wounding his ear. *Id*.

On June 8, 2015, Stephens was indicted for Criminal Attempt Murder,[2] Robbery in the First Degree,[3] and Possession of a Handgun by a Convicted Felon.[4] R. at 1. Stephens entered into a plea agreement with the Commonwealth, under which Stephens would plead guilty but mentally ill to all the above charges with a recommended sentence of 15 years' incarceration as a violent offender. R. at 87, 89. On March 1, 2017, the trial court entered final judgment against Stephens pursuant to the plea agreement.

---

[2] Kentucky Revised Statutes ("KRS") 507.020, 506.010, 506.110.

[3] KRS 515.020.

[4] KRS 527.040.

Stephens filed a motion pursuant to CR 60.02 on June 27, 2022, for sentence modification due to her suffering from glaucoma.[5] R. at 100-05. Stephens also argued that her character and circumstances had changed. R. at 100-05. On July 7, 2022, the trial court denied Stephens' motion on the grounds that she was not entitled to relief under CR 60.02 based on her medical condition and that it had no power to grant medical parole. R. at 128-30. This appeal followed.

## II. STANDARD OF REVIEW

The standard of review concerning a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996); *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Therefore, the trial court's decision will be affirmed unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

---

[5] This is Stephens' first post-conviction motion. Stephens did not file a direct appeal or a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 before filing the current CR 60.02 motion.

Questions of constitutionality are reviewed *de novo*. *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

## III. ANALYSIS

Stephens argues that the trial court abused its discretion when it denied her CR 60.02 motion because her glaucoma could be treated better outside the prison. Further, Stephens argues she is entitled to relief under CR 60.03 and the Eighth Amendment to the United States Constitution. Stephens also raises two additional issues: (1) the prevalence of COVID-19 should allow for her release, and (2) she received ineffective assistance of counsel in the trial court proceedings. Neither of these issues was argued before the trial court. Failure to raise those issues before the trial court prevents our review of them on appeal.[6] *Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014).

---

[6] Even assuming *arguendo* that the latter two arguments were brought properly on appeal, the trial court did not abuse its discretion when it denied Stephens' motion for relief. "A defendant who is in custody under sentence . . . is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). The failure to raise issues that could have and should have been raised on direct appeal or in an RCr 11.42 motion precludes those issues from being raised in a CR 60.02 motion. *Meece v. Commonwealth*, 529 S.W.3d 281, 285-86 (Ky. 2017). Furthermore, "[a]ny motion under [RCr 11.42] shall be filed [in the trial court] within three years after the judgment becomes final[.]" RCr 11.42. Even if Stephens were to now file an RCr 11.42 motion arguing ineffective assistance of counsel, her motion would be time barred because more than three years have passed since entry of a final judgment.

Additionally, this Court has held that the COVID-19 pandemic does not constitute a defect in the trial proceedings which would provide grounds for relief under CR 60.02. *See Jackson v. Commonwealth*, 640 S.W.3d 99, 102-03 (Ky. App. 2022); *Martin v. Commonwealth*, 639 S.W.3d 433, 434-36 (Ky. App. 2022) (holding that the threat of contracting COVID-19 is not a proper reason for relief under CR 60.02).

Relief under CR 60.02 is reserved for addressing significant flaws in trial or other court proceedings which lead to a miscarriage of justice. *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). CR 60.02(f) specifically allows a court to grant a party relief from a final judgment for "any other reason of an extraordinary nature justifying relief." CR 60.02(f). The reasons for granting relief from judgment under CR 60.02(f) must correlate to "some significant defect in the trial proceedings or evidence at trial, etc., such that 'a substantial miscarriage of justice will result from the effect of the final judgment.'" *Wine*, 699 S.W.2d at 754 (quoting *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)).

In *Wine*, this Court determined that family hardships, or changes in condition, did not qualify for relief under CR 60.02, emphasizing that uncertainty would arise around final judgments if circumstances outside the trial proceedings were deemed proper grounds for post-conviction relief. *Id*. This Court has extended the holding of *Wine* to specifically include medical conditions as a circumstance outside trial which does not qualify for relief under CR 60.02. *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (holding "that physical ailments of a defendant are not tantamount to trial defects and therefore do not amount to claims of 'an extraordinary nature justifying [CR 60.02] relief.'").

We further reject Stephens' argument that she is entitled to relief under the Eighth Amendment to the United States Constitution. The Eighth Amendment is violated "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Griffith v. Franklin County, Ky.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). While Stephens may not believe she has been provided the absolute best care medically available, she has failed to demonstrate that her care is not adequate for purposes of the Eighth Amendment.

Additionally, the remedy for an Eighth Amendment violation is not release from prison. *See Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990). So even if Stephens had stated a viable Eighth Amendment claim and she could bring this claim in a closed criminal case, release from prison is not an available remedy under the Eighth Amendment.

Finally, Stephens' claim under CR 60.03 must also fail:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. ***Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule***.

CR 60.03 (emphasis added).

The plain language of CR 60.03 requires a separate, independent action, which Stephens did not file. And, because Stephens' argument is based upon the same core grounds that failed to satisfy CR 60.02, she is not entitled to relief under CR 60.03. *Foley v. Commonwealth*, 425 S.W.3d 880, 888 (Ky. 2014).

## IV.   CONCLUSION

For the foregoing reasons, we affirm the July 7, 2022, order of the Jefferson Circuit Court denying Appellant relief pursuant to CR 60.02, CR 60.03, and the Eighth Amendment.


ALL CONCUR.


BRIEF FOR APPELLANT:

Catherine Stephens, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky