RENDERED:  MAY 30, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0630-MR

DERWIN NICKELBERRY          APPELLANT


v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 05-CR-003685-003


COMMONWEALTH OF KENTUCKY        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Derwin Nickelberry, *pro se,* brings this appeal from a March 24, 2023, order of the Jefferson Circuit Court denying Nickelberry's Kentucky Rules of Civil Procedure (CR) 60.02 motion to vacate his sentence of imprisonment.  We affirm.

In 2006, Nickelberry was tried by a jury and ultimately found guilty of fifteen counts of first-degree robbery and three counts of theft by unlawful taking over $300.  The armed robberies were allegedly carried out by a group of

individuals. The Commonwealth introduced the testimony of two such individuals, Tommy Hardin and Jeanine Spicer, at Nickelberry's trial. The circuit court sentenced Nickelberry to a total of seventy-years' imprisonment. Thereafter, appellant pursued a direct appeal of his conviction, and in Appeal No. 2006-SC-000865-MR, 2008 WL 3890386 (Ky. Aug. 21, 2008), the Supreme Court affirmed same on August 21, 2008.

Nickelberry later filed a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion arguing ineffective assistance of trial counsel and alleging violations of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by the Commonwealth of Kentucky. The circuit court denied the RCr 11.42 motion. An appeal was taken, and in Appeal No. 2012-CA-000082-MR, 2013 WL 19195445 (Ky. App. May 10, 2013), the Court of Appeals reversed and remanded for an evidentiary hearing as Nickelberry's allegations were not refuted upon the face of the record. Upon remand, the circuit court held a hearing and again denied the RCr 11.42 motion. Nickelberry appealed, and in Appeal No. 2014-CA-001631-MR, 2018 WL 794776 (Ky. App. Feb. 9, 2018), the Court of Appeals affirmed in part, vacated in part, and remanded with directions. The Court of Appeals directed the circuit court to rendered findings of fact and conclusions of law as to the alleged *Brady*, 373 U.S. 83 violations. Upon remand, the circuit court complied with the directions and determined that the Commonwealth committed no violations of *Brady*, 373 U.S.

83. An appeal ensued, and the Court of Appeals affirmed in Appeal No. 2019-CA-0626-MR, 2021 WL 12245217 (Ky. App. Feb. 19, 2021).

Nickelberry also filed the instant CR 60.02 seeking to vacate his sentence of imprisonment. The circuit court summarily denied the CR 60.02 motion by order entered March 24, 2023. This appeal follows.

It is well-settled that a CR 60.02 motion is an extraordinary remedy that is only available to remedy a "substantial miscarriage of justice." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). Additionally, CR 60.02 is not a substitute for a direct appeal or an RCr 11.42 motion. CR 60.02 relief is only available for issues that could not have been raised by direct appeal or RCr 11.42 motion. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). And we review the circuit court's denial of a CR 60.02 motion for an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

Nickelberry contends that the circuit court erred by denying his CR 60.02 motion. He initially claims that the Commonwealth of Kentucky violated *Brady*, 373 U.S. 83 by failing to disclose exculpatory evidence that would have proved that his co-defendants committed perjury. Nickelberry asserts that the Commonwealth committed fraud by stating that it did not have possession of statements given to police by two of Nickelberry's co-defendants.

The issue of whether the Commonwealth violated *Brady*, 373 U.S. 83 was previously adjudicated in Nickelberry's RCr 11.42 motion. In its findings of fact and conclusions of law, the trial court concluded that no *Brady,* 373 U.S. 83 violations occurred, which was affirmed on appeal by this Court (Appeal No. 2019-CA-0626-MR). And Nickelberry's claim of fraud by the Commonwealth lacks sufficient factual basis for this Court to review. We thus reject these contentions of error.

Nickelberry also argues that the Commonwealth wrongfully used inadmissible and false evidence to obtain the indictment and his conviction. The admissibility and sufficiency of evidence are issues that should have been raised in a direct appeal or in an RCr 11.42 motion. CR 60.02 relief is not available for issues that could have been raised in a direct appeal or in an RCr 11.42 motion. As to his allegations of false evidence and fraud by the Commonwealth, Nickelberry has failed to demonstrate same beyond mere conclusory allegations that are without sufficient factual bases.

Nickelberry next asserts that there is evidence demonstrating his innocence of the crimes and that there was insufficient evidence to indict and convict him of those crimes. He points out that D.N.A. at the scenes did not match his D.N.A., fingerprints and palm prints at the scenes did not match his fingerprints and palm prints, affidavits from alibi witnesses demonstrate he could not have

-4-

committed the crimes, and no one matching Nickelberry's description was described to police by witnesses. These arguments go to the sufficiency of the evidence at trial and constitute direct appeal issues, which are not reviewable in a CR 60.02 motion. *Gross*, 648 S.W.2d at 856.

Based on our review of the record and for the reasons stated, we are of the opinion that the circuit court did not abuse its discretion by denying Nickelberry's CR 60.02 motion. The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Derwin I. Nickelberry, *Pro Se* LaGrange, Kentucky | Russell Coleman Attorney General of Kentucky |
| | Ken W. Riggs Assistant Attorney General Office of the Attorney General Office of the Solicitor General Frankfort, Kentucky |