
**Walter HOWARD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1963.

---

Walter Howard, appellant, LaGrange, pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

On the night of July 30, 1960, two men broke into the home of Watt Roberts and his wife, Nannie, which was located in a remote section of Leslie County. They brutally attacked and injured them with a club and took Mrs. Roberts' purse which contained $190. Bobby Napier and appellant, Walter Howard, were charged by indictment with the offense of armed robbery.

■ They were tried separately, but the instructions given in both cases were the same. Both Napier and appellant Howard were found guilty and sentenced to confinement in the penitentiary for a period of 21 years. The judgment in Howard's case was entered on March 24, 1961.

Napier, in time, appealed his judgment of conviction to this court where, on April 20, 1962, the judgment was reversed and a new trial ordered on the ground that an instruction given at the trial was erroneous.

Appellant, Howard, did not attempt to appeal his judgment of conviction. However, on May 14, 1962, and after the opinion in the Napier case was handed down, Howard filed a motion to vacate the judgment of March 24, 1961, on the ground that the court had erred in instructing the jury and

the judgment was void. It was averred that Howard was proceeding under the provisions of subsections (5) and (6) of CR 60.02.

We are faced, therefore, with the question as to whether a motion to vacate a judgment under CR 60.02 may be used as a substitute for an appeal in a case where an error has occurred during the trial.

 We do not agree with appellant's assumption that an error in the instructions given during the original trial of his case rendered the judgment void. It is not suggested that the circuit court did not have jurisdiction of the subject matter or of the person in that trial and an error in the instructions rendered the judgment only erroneous. It has long been the policy of this court that errors occurring during the trial should be corrected on direct appeal, and the grounds set forth under the various subsections of CR 60.02 deal with extraordinary situations which do not as a rule appear during the progress of a trial. Although the rule does permit a direct attack by motion where the judgment is voidable—as distinguished from a void judgment—this direct attack is limited to the specific subsections set out in said rule, none of which appears to be applicable here unless it falls under the residual subsection (6) which authorizes the court to grant relief when circumstances of undue hardship, not included in the other five grounds of the rule, would justify such relief. However, this subsection may be invoked only under the most unusual circumstances and we do not find the facts here to be unusual.

In many cases errors of some nature are committed during the course of a trial and unless there is a restriction upon the method and the time in which these errors are suggested and corrected, a chaotic situation would result. Few judgments would ever achieve finality.

In Hamm v. Mansfield, Ky., 317 S.W.2d 172, certiorari denied, 359 U.S. 928, 79 S.Ct. 611, 3 L.Ed.2d 630, where appellant sought relief under CR 60.02 of a nature recognized under coram nobis principles, it was held that appellant's failure to present certain grounds for relief on the original appeal denied to him the right to relief upon those same grounds on a motion to vacate the judgment.

The law of this state is not different from that of the United States. Under Section 2255, Title 28 U.S.C.A., a prisoner under certain circumstances may move to vacate a judgment or to set aside a sentence which has been imposed upon him. In United States of America v. Cornett, D.C., 142 F.Supp. 764, it was pointed out by Judge Shelbourne that where such a motion raised only questions which properly could have been raised on an appeal, the motion would not lie. He stated:

"The defendant in this case, represented by competent counsel of his own selection and employment, accepted the judgment of conviction and did not prosecute an appeal. Hence, the doctrine of the Sunal case is applicable, that is, Section 2255 of Title 28 can not be the means of affording a substitute for an appeal."

The opinion quoted with approval this language of the Supreme Court in the case of Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, 1984:

"It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. Cf. Warring v. Colpoys, supra (74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025). If in such circumstances, habeas corpus could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to warrant an appeal would acquire new implications. Every error is potentially reversible er-

ror; and many rulings of the trial court spell the difference between conviction and acquittal. If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court."

In Phelan v. Bradbury Building Corporation, D.C., 7 F.R.D., 429, it was held that even change in interpretation of law subsequent to the entry of a judgment is not cause for the vacation of that judgment.

We are of opinion that the circuit court properly overruled the motion to set aside the judgment under CR 60.02.

The judgment is therefore affirmed.