James F. HOWARD, Superintendent, Kentucky State Reformatory, Appellant,

v.

Joe INGRAM, Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellant.

Joe Ingram, pro se.

DAVIS, Commissioner.

The trial judge sustained a petition for habeas corpus and ordered appellant to release Joe Ingram from the reformatory at La Grange. The appellant contends that appellee should have proceeded by motion to vacate as prescribed by RCr 11.42, citing Ayers v. Davis, Ky., 377 S.W.2d 154, and Davis v. Wingo, Ky., 396 S.W.2d 53.

Ingram was convicted in the Fleming Circuit Court for violation of KRS 434.070(1) ("cold check"), and his punishment was fixed at confinement in the reformatory for one year. On his motion he was placed on probation. KRS 439.260. About a year after the order of probation, Ingram was brought before the Fleming Circuit Court, and his probation was revoked. KRS 439.-300.

When the Fleming Circuit Court revoked Ingram's probation, it sentenced him to confinement in the reformatory for *two* years instead of one as had been fixed in the original judgment of conviction.

The record reflects, without dispute, that Ingram had already served more than thirteen months in the penitentiary when he instituted the habeas corpus proceedings. As we have said, the judge of the Oldham Circuit Court ordered Ingram's release. We assume he is not in custody—he has filed no brief in this court.

█ In Hord v. Commonwealth, Ky., 450 S.W.2d 530 (decided February 13, 1970), we held that a circuit court is without authority to mete a greater sentence when revoking probation than the sentence which had been prescribed originally. Exactly the same situation is presented in the present case. The Fleming Circuit Court had no authority to sentence Ingram to confinement for two years in face of his previous sentence for only one. Ingram had fully served his one-year sentence when his petition for habeas corpus was brought. He was entitled to be released from custody forthwith on the face of the admitted record.

█ As observed in Richardson v. Howard, Ky., 448 S.W.2d 49, and Waddle v. Howard, Ky., 450 S.W.2d 233 (decided February 6, 1970), we continue to adhere to the rule expressed in Ayers v. Davis, Ky., 377 S.W.2d 154. Proceedings under RCr 11.42 afford the exclusive remedy in those situations in which a prisoner collaterally attacks his judgment of conviction, unless a showing is made that the remedy by RCr 11.42 is inadequate. The trial court should have dismissed the habeas corpus petition on that ground. However, inasmuch as the appellee was released from custody, he is no longer a prisoner and could not now obtain relief under the provisions of RCr. 11.-42. It would be useless "circuity of motion" to reverse the judgment, since it could only result in the necessity of reincarcerating

Ingram, thereby reestablishing his eligibility to proceed under RCr 11.42. The situation is comparable to that faced in Hobbs v. Stivers, Ky., 385 S.W.2d 76, and Brummett v. Commonwealth, Ky., 434 S.W.2d 326. For these reasons, we decline to disturb the technically erroneous judgment.

The judgment is affirmed.

All concur.