James LEWALLEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 6, 1979.

As Modified July 20, 1979.

---

W. Robert Lotz, Jr., Cobb & Oldfield, Covington, for appellant.

Robert Stephens, Atty. Gen., Nancy S. Marksberry, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Lewallen appeals from the order denying his motion to vacate the judgment of the Campbell Circuit Court. Lewallen plead guilty to four counts of distributing obscene material and received a fine of $250.00 on each count. The final judgment was entered on June 28, 1978, but Lewallen did not move to vacate the judgment until July 27, 1978. After a hearing on Lewallen's motion, the court found no manifest injustice in Lewallen's plea proceeding.

■ Initially, we must decide whether this appeal is proper or timely. According to Lewallen's motion, he sought to vacate the final judgment under the authority of RCr 11.42 and CR 60.02. RCr 11.42 provides for relief from a final judgment, if the petitioner is in custody. Lewallen did not receive a jail sentence, so RCr 11.42 was not an appropriate vehicle for attacking the judgment.

■ CR 60.02 provides for relief from the final judgment for certain specified reasons; however, a motion under this rule does not affect the finality of the judgment or suspend its operation. In *Howard v. Commonwealth,* Ky., 364 S.W.2d 809, 810 (1963), appellant had failed to appeal in the allotted time and subsequently attacked the final judgment under CR 60.02. The court maintained:

> It has long been the policy of this court that errors occurring during the trial should be corrected on direct appeal, and the grounds set forth under the various subsections of CR 60.02 deal with extraordinary situations which do not as a rule appear during the progress of a trial. Although the rule does permit a direct attack by motion where the judgment is voidable—as distinguished from a void judgment—this direct attack is limited to specific subsections set out in said rule, none of which appear to be applicable here unless it falls under the residual subsection (6) which authorizes the court to grant relief when circumstances of undue hardship, not included in the other five grounds of the rule, would justify such relief. However, this subsection may be invoked only under the most unusual circumstances and we do not find the facts here to be unusual.

> In many cases errors of some nature are committed during the course of a trial and unless there is a restriction upon the method and the time in which these errors are suggested and corrected, a chaotic situation would result. Few judgments would ever achieve finality.

While Lewallen is attacking the guilty plea and not an alleged error during the trial as was the situation in *Howard,* we believe that the result is the same. In

order to be entitled to relief under CR 60.02(f), extraordinary circumstances must be shown. When we view the totality of the record, we must conclude that Lewallen has been treated fairly. Relief pursuant to CR 60.02 would therefore be improper in this instance, and a direct appeal would now be untimely. This action should therefore be dismissed.

■ In support of our conclusion and to review the totality of this case, we will discuss the merits of Lewallen's argument. In so doing, we must conclude that the plea proceeding did not violate any of Leweallen's constitutional rights.

Lewallen alleges that he was denied due process because the trial court did not determine that there was a factual basis for his plea, nor did the trial court address the defendant to determine whether he understood the nature of the charge against him, nor did the trial court allow Lewallen the right to speak in mitigation of his plea.

The colloquy between the trial court and the defendant and his attorney was as follows:

By the Court: All right. There being no objection by the Commonwealth that motion will be sustained. This is a misdemeanor, therefore, it's unnecessary for the court to go into any extended dialogue or colloquoy (sic) between the court and the counsel for the defendant. I do in cases of misdemeanor, however, do want some record of the understanding of counsel, and of the defendant. All right, Mr. Lewallen, you are the same person named in this indictment for distribution of obscene material. Is that correct?

By Defendant: Yes sir.

By the Court: And Mr. Oldfield is representing you in this matter. Is that right?

By Defendant: Right.

By the Court: Are you entering this plea of your own free will without any coercion or pressure or any promises or commitments made to you about this plea of guilty?

By Defendant: Yes sir.

By the Court: You understand that although your attorney or you may have some understanding with the Commonwealth regarding the recommendation to be made by the Commonwealth's attorney's offices, what the court is not bound to follow that recommendation. Do you understand that?

By Defendant: Yes Sir.

By the Court: And you also understand that you have a right to trial by jury, a speedy trial, right to confront witnesses for the Commonwealth, right to have persons brought in to testify by subpoena or otherwise on your behalf, right to have counsel at all times, including an appeal if you should be convicted by the jury, and right to have an attorney appointed by the court if you cannot afford an attorney. You understand you have all those rights if you plead not guilty?

By Defendant: Yes sir.

By the Court: All right. You're willing to waive those rights, is that correct?

By Defendant: Right.

By the Court: All right. Mr. Oldfield, as far as you know and based on your conferences with Mr. Lewallen, do you believe he understands the nature and extent of the charges against him and the consequences of his entry of a plea of guilty?

By Oldfield: Yes sir, he does, Your Honor. I should explain to this court there was an arrangement reached between the defendant and the Commonwealth. So that it's on the record and the court understands the Commonwealth would recommend a fine of $250 on each of the four counts for a total fine of $1,000 and would dismiss the remaining counts in the indictment. In conjunction with that the Commonwealth would also move to dismiss the other pending indictment against Mr. Baker

and Mr.—or Mrs. Wright. I think that's the extent of the agreement.

In *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978), the court maintained that, "[t]he validity of a guilty plea is determined not by reference to some magic incantation recited at the time it is taken but from the totality of the circumstances." The above-mentioned colloquy establishes the fact that Lewallen's plea was entered voluntarily without any coercion, with a waiver of his rights, and with an understanding of the nature of the charges against him.

Lewallen's reliance upon *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2259, 49 L.Ed.2d 108, 116 (1976), is misplaced. In *Henderson,* the defendant plead guilty to the offense of second-degree murder, which required intent. At his sentencing hearing, he stated that he "meant no harm to the lady." The court reasoned that:

> This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent. Moreover, respondent's unusually low mental capacity provides a reasonable explanation for counsel's oversight . . . 96 S.Ct. at 2258–2259.

In this case, defense counsel told the trial court that he had explained the nature of the charge to Lewallen that Lewallen understood it. Mr. Oldfield, Lewallen's trial counsel, fully explained this to the court at the evidentiary hearing on the motion. Mr. Lewallen did not attend his hearing.

Lewallen further claims that the trial court committed reversible error by not allowing him to speak in mitigation of the plea. We note that the fine imposed by the trial court was exactly what Lewallen had bargained for with the Commonwealth. We, therefore, fail to see any manifest injustice.

Lewallen's appellate counsel, who works in the law office with trial counsel, vigorously claims that the plea was unfairly induced because of the recommendation of the Commonwealth to dismiss indictments against the other defendants if Lewallen would plead guilty. There is no indication in the record that that part of the bargain had a coercive effect on Lewallen. In fact, the trial court asked Lewallen if he was entering his plea of his own free will without any coercion or pressure, and he answered affirmatively. The other parties were Lewallen's landlords, and nothing was brought out at the time of the plea or at the hearing to indicate any threat or coercion of any type against Lewallen, if he failed to accept the bargain. Several charges were also dismissed against Lewallen. He received the benefits of a reasonable and fairly processed bargain. To set it aside at this late date for the reasons argued would be grossly unjust to the Commonwealth and unfair to the prosecution. We find no reason of an extraordinary nature justifying relief under CR 60.02.

This appeal is dismissed.

All concur.