RENDERED: FEBRUARY 16, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0411-DG

COMMONWEALTH OF KENTUCKY                                          APPELLANT

V.
                    ON REVIEW FROM COURT OF APPEALS
                              NO. 2019-CA-1549
                    TODD CIRCUIT COURT NO. 18-CR-00011

THOMAS MOORE                                                      APPELLEE

**OPINION OF THE COURT BY JUSTICE LAMBERT**

**<u>AFFIRMING IN PART, REVERSING IN PART, AND REMANDING</u>**

In accordance with his plea agreement, Appellee Thomas Moore was convicted of two class D felonies and of being a persistent felony offender in the second degree and sentenced to twenty years in prison. When Moore's motion to vacate, challenging the plea agreement and his conviction and sentence, was unsuccessful, Moore sought relief through the Court of Appeals. The Court of Appeals concluded that Moore's sentence must be vacated because the circuit court committed palpable error. While the Court of Appeals' treatment of Moore's appeal as a direct appeal may be erroneous, the sentencing issue in this case supports the Court of Appeals' decision that relief is warranted. However, we disagree with the Court of Appeals' reversal of Moore's probation revocation and we reverse that decision. Therefore, we affirm in part and

reverse in part the Court of Appeals' decision, and we remand this case to the Todd Circuit Court for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Following his indictment on various charges, Moore entered a guilty plea to two class D felonies: (1) operating a motor vehicle under the influence of alcohol/drugs (DUI), fourth offense or greater within ten years, aggravating circumstances present;[1] and (2) operating a motor vehicle while license is suspended for driving under the influence and at the time of the offense, operating the motor vehicle in violation of KRS 189A.010(1).[2,3] Moore also pled guilty to the amended charge of being a persistent felony offender in the second degree (PFO II).[4] Moore did not waive his right to appeal.

Moore memorialized his plea agreement with the Commonwealth on July 18, 2018. A separate order which details the Commonwealth's sentencing recommendation to the circuit court was contemporaneously entered into the record. For each class D felony, the Commonwealth recommended that Moore receive a prison sentence of three years enhanced to ten years due to being a PFO II and that these two ten-year sentences run consecutively. For the PFO II

---

[1] Kentucky Revised Statute (KRS) 189A.010(1) and (5)(d).

[2] KRS 189A.090(1) and (2)(b).

[3] Moore also pled guilty to the following charges for which he received a fine: careless driving, KRS189.290; no/expired registration plate, KRS 186.170; and failure of owner to maintain required insurance, first offense, KRS 304.39-080.
The possession of marijuana, KRS 218A.1422, and drug paraphernalia, KRS 218A.500, charges were dismissed.

[4] KRS 532.080(2).

2

charge, the Commonwealth noted "[twenty] years concurrent." On the same day, the circuit court accepted Moore's guilty plea and convicted Moore of the two class D felonies and of being a PFO II. As recommended by the Commonwealth, the circuit court fixed Moore's punishment at twenty years in prison and probated the sentence for five years. Days later, on July 27, 2018, the Commonwealth's Attorney filed a motion to revoke Moore's probation.[5] Moore's probation was revoked on August 15, 2018, and the circuit court entered its Final Judgment on Plea of Guilty and Sentence of Imprisonment (Final Judgment), imposing a twenty-year sentence. According to the Final Judgment, for each class D felony, the circuit court imposed a three-year prison sentence enhanced to ten years by the PFO II charge, and for the PFO II charge itself, the circuit court imposed twenty years. The Final Judgment states that all sentences run concurrently for a total of twenty years in prison.[6]

After the circuit court denied Moore's shock probation motion, Moore filed a pro se motion styled "Motion to Vacate Imposed Sentence and Request for New Trial Pursuant to RCr 10.26 and CR 61.02 Substantial Error Rules."[7]

---

[5] The grounds for the motion were that Moore failed to report to his Probation Officer as directed. Moore failed to appear for the August 1, 2018 revocation hearing. When Moore was arrested he tested positive for use of methamphetamine and benzodiazepines.

[6] The amended Final Judgment entered September 20, 2018 did not change the sentence imposition.

[7] Because Kentucky Rule of Criminal Procedure (RCr) 10.26 and Kentucky Rule of Civil Procedure (CR) 61.02 are identical and interpreted the same, *Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018), the remainder of this Opinion cites the criminal rule, RCr 10.26, only when referencing Moore's arguments.

3

Pertinently, Moore argued that it was palpable error and an abuse of discretion for the circuit court in its Final Judgment to list the PFO II conviction as an independent criminal offense, to sentence him to twenty years for that offense, and then to order that twenty-year sentence on the PFO II charge to be served concurrently to the two ten-year concurrent sentences. Moore requested the circuit court to vacate its judgment and sentence and to set his case for a new trial. The circuit court appointed counsel for Moore.

Over the course of several hearings, the circuit court discussed the merits of Moore's motion with appointed counsel and the Commonwealth's Attorney. Early on, appointed counsel expressed his belief that there was merit in Moore's illegal sentence argument. At the March 6, 2019 hearing, appointed counsel presented Moore's argument raised in his filed motion. At the final hearing on June 26, 2019, in addition to arguing that the twenty-year sentence imposed based upon the PFO II charge was illegal, because the two ten-year enhanced class D sentences could not run consecutively and that the Final Judgment did not state that the ten-year sentences run consecutively,[8]

[8] At the final hearing on June 26, 2019, the primary discussion in regard to Moore's illegal sentence argument was whether Moore's PFO II status could enhance both class D felonies and if so, whether the enhanced ten-year sentences could run consecutively. Without providing a citation to the circuit court, appointed counsel described a case provided by the Commonwealth supportive of the conclusion that a defendant with a PFO II status, being found guilty of two class D felonies, may have the enhanced ten-year sentences run consecutively. Appointed counsel, however, also advocated that because the Final Judgment did not state that the ten-year sentences were to run consecutively, the ten-year sentences run concurrently. Responding to the circuit court's question, appointed counsel further stated that if both class D felonies could be enhanced by the PFO II status, twenty years is the maximum sentence Moore could receive, which would also be the maximum sentence if he pled guilty to the PFO I charge.

4

appointed counsel presented a probation sentencing argument on Moore's behalf. The circuit court denied Moore's motions and entered a final and appealable order.

Moore acted pro se before the Court of Appeals.[9] Rather than presenting his preserved illegal plea agreement and illegal sentence arguments, Moore presented both preserved and unpreserved arguments related to his probation sentencing and its revocation.

The Commonwealth did not address Moore's briefed arguments. Instead, the Commonwealth argued that Moore's motion to vacate pursuant to RCr 10.26 was procedurally improper because RCr 10.26's standard of review may be utilized only on direct appeal and does not provide an avenue for a defendant to collaterally attack his convictions. The Commonwealth argued that because Moore failed to raise each of his issues in a prior proceeding, by way of an RCr 11.42 motion or a CR 60.02 motion, the failures amounted to a fatal procedural bar for consideration of his arguments and that the Todd Circuit Court should be affirmed.

The Court of Appeals first concluded that Moore was entitled to relief from the circuit court's imposition of a twenty-year sentence because that sentence was solely and improperly based on Moore's PFO II charge. The Court

---

[9] Although a defendant who enters an unconditional guilty plea typically waives his right to appeal, it was determined in the course of Moore's appeal to the Court of Appeals that he did not waive that right. However, even if Moore had waived his right to appeal, this Court has recognized some exceptions to the general rule, one of which is the appealability of so-called sentencing issues, which applies to this case. *Windsor v. Commonwealth*, 250 S.W.3d 306 (Ky. 2008).

of Appeals explained, citing *Commonwealth v. Jones*,[10] that Moore is entitled to relief under the RCr 10.26 palpable error standard. The Court of Appeals concluded the imposition of the twenty-year sentence was a plain error under existing law, particularly KRS 532.080; was more likely than ordinary error to have affected the judgment because without the invalid separate sentence for the PFO charge, Moore would have been sentenced to ten years in prison; and the error seriously affected the fairness of the proceedings and is "jurisprudentially intolerable."

The Court of Appeals also considered Moore's probation revocation arguments, finding merit particularly in an unpreserved argument. Finding that the circuit court did not make specific written findings as to the essential elements of KRS 439.3106 in its revocation order, and that it was unclear from the record whether the circuit court properly considered KRS 439.3106's criteria when revoking Moore's probation, the Court of Appeals reversed the circuit court's probation revocation order and remanded the case for further revocation proceedings.

Lastly, in a conclusory manner, the Court of Appeals addressed the Commonwealth's procedural argument. The Court of Appeals stated that contrary to the Commonwealth's assertions, Moore's appeal serves as a direct appeal and does not necessarily preclude a later, appropriate RCr 11.42 collateral attack.

---

[10] 283 S.W.3d 665, 668 (Ky. 2009).

The Commonwealth moved this Court for discretionary review, which we granted. The Commonwealth complains that the Court of Appeals improperly determined that Moore could collaterally attack his final judgment by filing a motion under RCr 10.26 and that under this standard, the Court of Appeals determined that the circuit court committed palpable error when it sentenced Moore to twenty years in prison. Consistent with its motion for discretionary review, the Commonwealth's arguments to this Court do not seek to reverse on the merits the Court of Appeals' decision that the circuit court erred by sentencing Moore to twenty years in prison on the PFO II conviction. In addition to maintaining the RCr 10.26 procedural argument as a reason to reverse the Court of Appeals and affirm the circuit court, the Commonwealth advances other arguments, including (1) because Moore waived his sentencing claim by failing to brief it, the Court of Appeals improperly looked to RCr 10.26 as a basis to reverse the circuit court's denial of Moore's motion to vacate and (2) the Court of Appeals improperly considered Moore's KRS 439.3106 non-compliance argument because Moore did not raise it before the circuit court.

## ANALYSIS

I. **Even if the Court of Appeals erred by treating Moore's appeal from the denial of his motion to vacate as a direct appeal, the Court of Appeals' conclusion that the circuit court committed reversible error is not erroneous.**

The Kentucky Constitution provides a convicted defendant a right to at least one appeal or review of the trial court proceedings leading to his conviction to determine whether the proceedings were carried out according to

7

law.[11]  This "direct appeal,"[12] is generally based upon the trial court record alone.[13]  The review is designed for preserved issues, claimed errors brought to the trial court's attention upon which the trial court had the opportunity to rule.[14]  However, as prescribed by RCr 10.26,[15] an appellate court may review and grant relief from certain unpreserved issues.  For these unpreserved issues, they "can only be reviewed as palpable error on appeal, which requires a finding of manifest injustice to prevail."[16]  Nevertheless, even if a defendant is unsuccessful on the direct appeal of his conviction and sentence, other civil and criminal rules allow a criminal defendant to seek post-conviction relief from judgment.[17]  In particular, a criminal defendant may seek post-conviction relief through RCr 11.42[18] and CR 60.02.[19]

---

[11] Ky. Const. § 115.

[12] *See Howard v. Commonwealth*, 364 S.W.2d 809, 810 (Ky. 1963).

[13] *Id.*

[14] *See Fischer v. Fischer*, 348 S.W.3d 582 (Ky. 2011).

[15] RCr 10.26 states in full:

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

[16] *Fischer*, 348 S.W.3d at 589.

[17] *See Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

[18] Pertinently, RCr 11.42(1) states:

A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

[19] CR 60.02 states in full:

The interplay of RCr 11.42 and CR 60.02 with the direct appeal process is well-settled.[20] "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02."[21] "RCr 11.42 provides a procedure for a motion to vacate, set aside or correct sentence for 'a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge.' It provides a vehicle to attack an erroneous judgment for reasons which are not accessible by direct appeal."[22] CR 60.02 "is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief."[23]

---

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

[20] *See e.g.*, *Howard*, 364 S.W.2d at 810 (discussing direct appeal and CR 60.02); *Gross*, 648 S.W.2d at 856 (discussing direct appeal, CR 60.02 and RCr. 11.42).

[21] *Gross*, 648 S.W.2d at 856.

[22] *Id.*

[23] *Id.* at 853.

9

The Commonwealth relies primarily upon *Gross, Parrish v. Commonwealth,*[24] *McQueen v. Commonwealth,*[25] and more recently decided *Commonwealth v. Dulin,*[26] to support its argument that Moore's use of RCr 10.26 to collaterally attack his final conviction is procedurally barred. In *Dulin,* we concluded that KRS 533.040(2) operated to extend Dulin's term of probation by tolling its expiration for at least six months beyond the original expiration date and consequently the circuit court was not divested of jurisdiction to revoke his probation.[27] That conclusion disposed of the case, but we briefly discussed the procedural arguments advanced by the Commonwealth for reversing the Court of Appeals.

Pertinently, Dulin did not appeal the revocation order.[28] Instead, two years after the revocation order was entered, relying upon CR 60.02 and RCr 10.26, Dulin moved to vacate his sentence of imprisonment arguing that the circuit court lacked jurisdiction to revoke his probation.[29] While recognizing that under certain circumstances CR 60.02 may afford relief to an incarcerated former probationer, we stated that RCr 10.26 "is not intended as an independent source under which an aggrieved party may bring a motion for relief challenging an alleged error in a proceeding in which there has been a

---

[24] 272 S.W.3d 161, 176 (Ky. 2008).

[25] 948 S.W.2d 415, 416 (Ky. 1997).

[26] 427 S.W.3d 170, 178 (Ky. 2014).

[27] *Id.* at 172.

[28] *Id.* at 173.

[29] *Id.*

10

final judgment entered."[30]  The Commonwealth complains that the Court of Appeals' disregarded *Dulin*'s guidance and determined that Moore could collaterally attack his final judgment under RCr 10.26.

While it appears that the procedural question raised by the Commonwealth is relatively straightforward, that the differences between a challenge to a conviction and sentence by direct appeal to an appellate court and a post-conviction challenge by motion to the trial court easily resolves that Moore's appeal from his motion to vacate is not what is traditionally thought of as a direct appeal, and that Moore's post-conviction motion which was not brought pursuant to RCr 11.42 or CR 60.02 was not properly before the circuit court, this case goes beyond the traditional analysis.  Although not addressed by the parties, this case involves a sentencing issue, an issue which alters the procedural analysis.

Specifically, a "sentencing issue" is a claim that a sentencing decision is contrary to statute, such as when an imposed sentence is longer than allowed by statute for the crime, or a claim that the decision was made without fully considering the statutorily-allowed sentencing options.[31]  As we noted in *Phon v. Commonwealth*,[32] "this Court's language in *McClanahan* [*v. Commonwealth*[33]] implies that the mode of attack or time when the attack is brought are

---

[30] *Id.* at 178 (citing *Gross*, 648 S.W.2d at 856).

[31] *Grigsby v. Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010) (citations omitted).

[32] 545 S.W.3d 284, 307 (Ky. 2018).

[33] 308 S.W.3d 694 (Ky. 2010).

11

immaterial when the issue is an *illegal* sentence. '[S]entences falling outside the permissible sentencing range *cannot stand uncorrected.*'[34]

"Our review of unpreserved 'sentencing issues' is based on protection of the defendant from being subjected to an illegal sentence, 'since all defendants have the right to be sentenced after due consideration of all applicable law.'"[35] The appellate court will automatically treat an unpreserved sentencing issue as though it was preserved for appellate review.[36] Furthermore, because the trial court and appellate court have inherent authority to correct an unlawful sentence at any time,[37] a defendant may raise a sentencing issue through any of the following relief mechanisms: direct appeal, with the standard of review being abuse of discretion even when the sentencing issue is not preserved;[38] RCr 11. 42; CR 60.02; or a writ of habeas corpus.[39]

Despite the Court of Appeals' likely good intention of construing Moore's motion and appeal in a manner which would not keep him from seeking RCr 11.42 relief, because of the manner in which we think of a direct appeal – an appeal directly from the final judgment and not an appeal from a post-

---

[34] 545 S.W.3d at 307 (quoting *McClanahan*, 308 S.W.3d at 700) (emphasis added in *Phon*).

[35] *Martin v. Commonwealth*, 576 S.W.3d 120, 122 (Ky. 2019) (quoting *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994)).

[36] *Webster v. Commonwealth*, 438 S.W.3d 321, 325 (Ky. 2014).

[37] *See, e.g.*, *Phon v. Commonwealth*, 545 S.W.3d 284, 308 (Ky. 2018), and *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011).

[38] *Jones*, 382 S.W.3d at 27-28; *McClanahan*, 308 S.W.3d at 698.

[39] *Myers v. Commonwealth*, 42 S.W.3d 594, 596 (Ky. 2001), *overruled on other grounds by McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010).

12

conviction motion attacking a final judgment through RCr 11.42 or CR 60.02, we do not view Moore's appeal as a direct appeal. Nevertheless, even if the Court of Appeals' treatment of Moore's appeal was erroneous, the Commonwealth's procedural argument is not a basis to reverse the Court of Appeals' decision that Moore's sentence must be vacated and to affirm the circuit court. While Moore describes his case as an anomaly and likely it is so, "[i]n Kentucky, a court speaks through the language of its orders and judgments"[40] and given the involvement of a sentencing issue, like the Court in *Howard v. Ingram*,[41] we decline to engage in "useless 'circuity of motion,'"[42,43] requiring Moore to file an additional post-conviction motion seeking relief when this procedural issue was not raised before the circuit court and the Commonwealth does not dispute the fact that the twenty-year sentence based on the PFO II charge is erroneous. Whether the circuit court's denial of Moore's motion to vacate his sentence is reviewed under an abuse of discretion

---

[40] *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 648 (Ky. 2007).

[41] 452 S.W.2d 410 (Ky. 1970).

[42] *Id.* at 411.

[43] In *Ingram*, although the defendant's original judgment of conviction fixed his sentence at one year in prison, upon his probation revocation, the trial court sentenced him to two years. *Id.* After the defendant served more than thirteen months, his petition for habeas corpus was sustained, and the defendant was released from prison. *Id.* The state reformatory superintendent appealed, arguing that the defendant should have brought an RCr 11.42 motion to vacate. *Id.* While the appellate court agreed with the superintendent, it noted that it would be useless 'circuity of motion' to reverse the judgment, since it could only result in the necessity of reincarcerating the defendant, thereby reestablishing his eligibility to proceed under RCr 11.42. *Id.* at 411-12.

13

standard[44] or as considered by the Court of Appeals here, the palpable error standard, Moore is entitled to relief.

The Commonwealth also argues that the Court of Appeals erred by considering Moore's illegal sentence claim under RCr 10.26 because it was not briefed by Moore. "Implicit in the concept of palpable error correction is that the error is so obvious that the trial court was remiss in failing to act upon it *sua sponte.*"[45] Nevertheless, pertinent to the Commonwealth's argument, this Court has stated that "[a]bsent extreme circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review pursuant to RCr 10.26 unless such a request is made and briefed by the appellant."[46]

An erroneous sentence is injurious to a defendant's substantial rights.[47] By applying the preceding standard, under which we conclude Moore's case fits easily within the exception, we simply may recognize that appellate briefing is not required for a defendant to be granted relief from an illegal sentence.

In sum, we cannot view the circumstances of this case as not warranting relief.[48] Accordingly, we remand this case to the circuit court for Moore's resentencing. The illegal twenty-year sentence for the PFO II charge is vacated.

---

[44] *McClanahan*, 308 S.W.3d at 698.

[45] *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017).

[46] *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008).

[47] *Peyton v. Commonwealth*, 253 S.W.3d 504, 512 (Ky. 2008).

[48] The Court of Appeals did not address Moore's defective plea agreement claim. Moore does not raise that issue before this Court.

However, it is unclear from the record on appeal what sentence was imposed upon Moore for the two class D felonies.[49] In consideration of precedent respecting final judgments, see e.g., *Machniak v. Commonwealth*, 351 S.W.3d 648 (Ky. 2011), the circuit court is directed to resentence Moore on the two class D felonies, pursuant to KRS 532.110 and KRS 532.080.

## II.     The Court of Appeals erred by reversing the circuit court's probation revocation order.

Finally, the Commonwealth claims that the Court of Appeals erred by improperly using RCr 10.26 to review the probation-revocation order because Moore did not raise this claim before the circuit court.

As noted previously, Moore's appellate brief to the Court of Appeals addressed preserved and unpreserved probation sentencing and probation revocation arguments. The probation issue which the Court of Appeals relied upon to reverse the circuit court's revocation order – failure to comply with KRS 439.3106 – was not an issue presented to the circuit court. Moore argued before the Court of Appeals that the circuit court failed to make the mandatory findings pursuant to KRS 439.3106(1) because the circuit court did not include any findings on its calendar order other than the conclusive statements related to the statutory criteria. Despite the issue being unpreserved and at most, subject to palpable error review, the Court of Appeals concluded that the circuit court abused its discretion by revoking Moore's probation without

---

[49] Moore certified for appeal the motion to vacate hearings only and the Commonwealth did not supplement the record to clarify Moore's proper sentence on the two class D felonies.

making written findings in its orders about the statutory criteria under KRS 439.3106(1)(a), i.e., whether Moore posed a significant risk to prior victims or the community at large and whether Moore could be appropriately managed in the community.

There are two documents in the record related to Moore's probation revocation: the revocation hearing docket sheet/calendar order and the subsequent order revoking Moore's probation. The circuit court wrote its findings of fact and conclusion of law, including its conclusion that Moore was not capable of supervision and was a danger to the community, on the docket sheet. The order revoking Moore's probation references the revocation hearing proof generally and identifies that Moore violated the terms of his probation by failing to report to Probation and Parole as ordered and by using methamphetamine and benzodiazepines.

Under RCr 10.26, if an unpreserved error is found to be palpable and if it affects the substantial rights of the defendant, the appellate court may grant appropriate relief if manifest injustice has resulted from the error. An error is palpable when it is "easily perceptible, plain, obvious and readily noticeable."[50] The error must be "so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process."[51] Upon review of the record, we find no palpable error in regard to the circuit court's compliance with KRS

---

[50] *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006).

[51] *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006).

439.3106(1). We agree with the Commonwealth that the Court of Appeals erred by reversing Moore's probation revocation.[52]

## CONCLUSION

For the foregoing reasons, the Court of Appeals' decision is affirmed in part and reversed in part. This case is remanded to the Todd Circuit Court for proceedings consistent with this Opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Bryan Morrow
Assistant Attorneys General

COUNSEL FOR APPELLEE:

Jennifer Wade
Assistant Public Advocate

---

[52] As noted above, Moore raised other probation related arguments, but those issues were not addressed by the Court of Appeals: (1) the circuit court abused its discretion by placing Moore on probation before he served the 240 days in jail mandated by KRS 189A.010(5)(d), or (2) the circuit court committed palpable error by failing to consider lesser sanctions than revocation under KRS 439.3107. Moore does not raise those issues before this Court.

17