RENDERED:  DECEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0362-MR

TERESA RENE TYLER                                              APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.        HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 18-CR-00389-002

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

ECKERLE, JUDGE:  Appellant, Teresa Rene Tyler ("Tyler"), *pro se*, appeals the

McCracken Circuit Court's Order entered February 14, 2024, denying her motion

seeking post-conviction relief pursuant to Kentucky Rule of Civil Procedure

("CR") 60.02(f).  Finding no basis for relief, we affirm.

## I. Factual and Procedural History

Between approximately March 9, 2018, and March 30, 2018, Jennifer Lynn Smith ("Smith") and her two minor children, J.B., six years old, and M.S., three years old, resided with Tyler at her residence in Paducah, Kentucky. On March 30, 2018, Smith took J.B. to the office of Dr. Caitlyn Cecil seeking an adjustment to his medication as the result of what she claimed were behavioral changes. Witnessing a severe and infected injury to J.B.'s buttocks, significant bruising from his left ear to his left eye and cheek, and other signs of child abuse and neglect, Dr. Cecil contacted law enforcement and immediately admitted J.B. to Baptist Hospital. At the hospital, Dr. Cecil and law enforcement officials witnessed and documented evidence of an infected burn and other severe injuries to J.B., as well as injuries to M.S.'s buttocks and legs and signs of malnourishment and neglect of both children. After a subsequent investigation, law enforcement arrested both Tyler and Smith.

On May 18, 2018, the McCracken County Grand Jury indicted Tyler and Smith on the following criminal charges: Count 1, First-Degree Criminal Abuse – Child 12 or Under, J.B.; Count 2, First-Degree Criminal Abuse – Child 12 or Under, M.S.; and Count 3, First-Degree Assault, J.B. Trial Record ("TR") 1, at

p. 1.[1]  The Grand Jury's true bill alleged that between March 9, 2018, through March 30, 2018, Tyler along with Smith, acting alone or in complicity with one another, intentionally abused and caused the torture, confinement, and cruel punishment of Smith's two children.  *Id.*  The indictment also charged Tyler and Smith with causing serious physical injury to J.B. by means of a deadly weapon or dangerous instrument.  *Id.*

On May 31, 2018, Tyler appeared before the McCracken Circuit Court ("Trial Court"), represented by private counsel, and entered a plea of "Not Guilty."  TR 1, at pp. 97-100.  On August 3, 2018, Tyler again appeared before the Trial Court seeking a continuance and substitution of counsel.  The Trial Court granted Tyler's continuance and appointed counsel from the Department of Public Advocacy ("DPA") to represent her.  On September 7, 2018, a new private attorney filed an appearance on Tyler's behalf.  However, on December 11, 2018, DPA counsel filed a notice of substitution of counsel.  Upon motion of the Commonwealth on November 8, 2018, the Trial Court entered an Order to Sever Tyler's and Smith's cases for the purpose of trial.  The Trial Court set Tyler's trial date for February 19, 2019.

---

[1] The Trial Record is composed of three bound volumes.  There are two binders labeled "Volume 1" and one more labeled "Volume 2."  The binder labeled "Volume 1" that is re-paginated beginning with Tyler's February 5, 2024, Motion under CR 60.02 will be referenced as "TR 1 Supp."  We will reference the other volumes "TR 1" and "TR 2."

On February 1, 2019, represented by DPA counsel, Tyler accepted a written offer from the Commonwealth to plead guilty to all three counts of the indictment. She signed an admission that she, in complicity with Smith:

> [C]aused severe injuries to J.B., a minor child under 12 years, by burning him with a hot pan. The injuries required medical intervention and a skin graft in order to heal. From March 9, 2018, through March 30, 2018, [she and Smith] caused torture, cruel confinement and cruel punishment to two children, under the age of [12]. They locked them in closets, withheld food and forced them to eat urine and feces.

TR 2, at p. 184. On the "Motion to Enter Guilty Plea," signed by Tyler and her DPA counsel, the Commonwealth recommended a sentence of 10 years' incarceration on each count, to run concurrently, which is the minimum sentence for a class B felony. TR 2, at p. 181-184. The Commonwealth also recommended that Tyler should not be eligible for probation or parole until she will have served at least 85% of her sentence. *Id.*, at p. 184.

On April 12, 2019, Tyler appeared before the Trial Court for sentencing. The Trial Court gave Tyler and her DPA counsel the opportunity to present any reasons for mitigation of punishment or for Tyler to make any statements on her own behalf. The Trial Court noted the agreement between Tyler and the Commonwealth upon her guilty plea and found that Tyler understood the nature of the charges, that her plea was voluntary, and that she knowingly and

voluntarily waived a jury trial and many other rights.  The Trial Court considered the nature and circumstances of Tyler's crime and her criminal history.

On April 16, 2019, the Trial Court issued its Final Judgment/Sentence of Imprisonment.  The Trial Court followed the recommendations in the plea agreement and sentenced Tyler to serve 10 years' incarceration on each count of the indictment, to be served concurrently, without eligibility for parole until she has served 85% of her sentence.  The Trial Court credited her with time served per Kentucky Revised Statute ("KRS") 532.120, and waived all Court costs and fines, adjudging her to be a poor person as defined by KRS 453.190(2).

On June 19, 2019, with assistance of counsel, and again on August 19, 2019, acting *pro se*, Tyler moved the Trial Court to suspend further execution of her sentence ("shock probation"), which the Trial Court denied on June 28, 2019, and August 27, 2019, respectively.

Just over three years after her sentencing, on April 29, 2022, Tyler filed a motion to amend her final judgment pursuant to CR 60.02(f), CR 60.03, and the Eighth and Fourteenth Amendments to the United States ("U.S.") Constitution.  TR 2, at pp. 216-225.  Tyler argued that she risked contracting SARS-CoV2 ("COVID-19") during her confinement and that her "continued incarceration under [those] circumstances [was] cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments."  TR 2, at p. 221.  Tyler also moved for the

appointment of DPA counsel. Significantly, Tyler did not move to vacate, set aside, or correct any part of her sentence under Kentucky Rule of Criminal Procedure ("RCr") 11.42; she did not plead ineffective assistance of counsel; and she did not plead any trial errors.

On May 10, 2022, the Trial Court entered an Order Denying Relief, finding that her risk of contracting COVID-19 was not a trial defect and, therefore, did not "amount to claims of an extraordinary nature justifying relief from judgment" under CR 60.02 and this Court's decision in *Ramsey v. Commonwealth*, 453 S.W.3d 738 (Ky. App. 2014). TR 2, p. 237-238.

Six months later, on November 15, 2022, Tyler filed a second and nearly identical set of motions to amend her judgment pursuant to CR 60.02(f), CR 60.03, and the Eighth and Fourteenth Amendments due to COVID-19, and for the appointment of DPA counsel. On December 27, 2022, the Trial Court again denied relief under CR 60.02(f) and *Ramsey*. On February 20, 2023, Tyler filed a notice to appeal the December 27, 2022, Order. *See* Notice of Appeal, Case No. 2023-CA-0220-MR. This Court determined Tyler's notice of appeal was untimely and ordered her to show cause why her appeal should not be dismissed. *See* Show Cause Order dated February 28, 2023, Case No. 2023-CA-0220-MR, *also attached* as Tab 1 of Appendix to Brief of the Commonwealth. When Tyler failed to comply, this Court dismissed her appeal. *See* Order Dismissing dated May 5,

2023, Case No. 2023-CA-0220-MR, *also attached* as Tab 2 of Appendix to the Brief of the Commonwealth.

On February 5, 2024, Tyler filed her third motion under CR 60.02(f) seeking post-conviction relief. In her motion styled, "Motion for Sentence Modification Pursuant to CR 60.02(f)," Tyler argued that, prior to her sentencing hearing on April 12, 2019, her DPA counsel advised her that, if she did not accept the Commonwealth's plea offer, she risked being charged as a persistent felony offender. TR 1 Supp., at p.1, 4. Tyler also cited the Sixth Amendment to the U.S. Constitution but did not state that her counsel was ineffective. TR 1 Supp., at p. 4. Tyler ultimately argued that CR 60.02(f) "is a catchall provision" under which she pled that her circumstances of punitive incarceration were "extraordinary," justifying a reduction in her sentence. TR 1 Supp., at p. 2-5.

On February 14, 2024, the Trial Court once again denied Tyler post-conviction relief, concluding that, under the facts presented, it had no authority to set aside the conviction or reduce Tyler's conviction under CR 60.02(f) and *Ramsey*. On March 19, 2024, Tyler filed a notice of appeal and motion to proceed *in forma pauperis*, which the Trial Court granted for purposes of her appeal.

Regarding the case *sub judice*, on March 26, 2024, this Court asked Tyler to show cause why her failure to file her notice of appeal in a timely manner should not result in dismissal. The DPA, on behalf of Tyler, responded that

Tyler's notice of appeal was timely pursuant to Kentucky Rule of Appellate Procedure ("RAP") (3)(B), "the prison mailbox rule." *See* Response to Show Cause Order, at p. 2. On March 26, 2024, this Court held that there was sufficient cause to prevent dismissal. One month later, on June 26, 2024, the DPA moved to withdraw as counsel citing KRS 31.110(2)(c), because no reasonable person with adequate means would be willing to bring Tyler's post-conviction proceeding at his or her own expense. On July 10, 2024, this Court granted the DPA's motion to withdraw and allowed Tyler to proceed *pro se*.

After several requests for extension of time, Tyler filed her appellate brief *pro se*, in which she, for the very first time, explicitly alleges that she received ineffective assistance of counsel and that the cumulative errors occurring prior to her sentencing render her conviction "fundamentally unfair." Brief for Appellant at p. 3, 5. She argues that the Trial Court abused its discretion by failing to review her counsel's "misconduct." *Id.* at p. 2. Tyler also claims that her DPA counsel's failure to provide proper sentencing guidance, investigate her case, or hire a "mitigation specialist," resulted in cumulative error that denied her equal protection and due process under the Sixth and Fourteenth Amendments to the U.S. Constitution. *Id.* at p. 4-5. Finally, Tyler argues that she preserved each of her claims in her post-conviction motion that was denied by the Trial Court on

December 27, 2022, subsequently appealed, and dismissed by this Court on May 5, 2023. *See* Order Dismissing dated May 5, 2023, Case No. 2023-CA-0220-MR.

The Commonwealth argues that this Court should dismiss Tyler's current appeal as untimely under RAP (3)(A)(1). Alternatively, the Commonwealth argues that the Trial Court was within its discretion to deny Tyler's February 5, 2024, motion for post-conviction relief, contending that Tyler's motion was successive, untimely, and lacked merit. The Commonwealth also counters that her claims of ineffective assistance of counsel and cumulative error were not preserved and are also untimely. Finally, the Commonwealth asks this Court to sanction Tyler for her successive and meritless motions for post-conviction relief.

## II.    Standard of Review

A CR 60.02 motion is an "extraordinary remedy" only available to correct a "substantial miscarriage of justice." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). It is well-settled law that a motion pursuant to CR 60.02 is not a substitute for a direct appeal or a motion made under RCr 11.42. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

We review a Trial Court's denial of relief under CR 60.02 for abuse of discretion. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "The test for abuse of discretion is whether the trial judge's decision was arbitrary,

unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)); *see also Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

### III. Analysis

#### A. Dismissal of Appeal Under RAP (3)(A)(1)

First, we address the Commonwealth's request that we dismiss Tyler's appeal outright under RAP (3)(A)(1). This Rule requires an appellant to file a notice of appeal "no later than 30 days from the date of notation of service of the judgment or order appealed from." *Id.* The appeal of the Trial Court's February 14, 2024, Order *sub judice* is properly before this Court. Tyler satisfactorily showed cause that this appeal should be permitted to proceed under RAP (3)(B) by submitting records showing that she executed and mailed her notice of appeal on February 27, 2024, which was within the 30-day time limit.

However, the Commonwealth argues that this Court should still dismiss because Tyler references the prior December 27, 2022, Order in her appellate brief in the instant appeal. Tyler references "the post-conviction motion that the court, denied on December 27, 2022" in multiple preservation statements. *See* Brief for Appellant, at pp. 2, 4, and 5. Accordingly, she argues that she preserved her claims of ineffective assistance of counsel and cumulative error. *Id.*

-10-

Whether Tyler's preservation argument is accurate, which is addressed *infra*, Tyler's references themselves do not render untimely her appeal of the Trial Court's February 14, 2024, Order denying CR 60.02 relief (hereinafter "Trial Court's Order"). Therefore, we will not dismiss Tyler's appeal of the Trial Court's Order under RAP (3)(A)(1).

### B. CR 60.02

The burden of proof in a CR 60.02 proceeding falls squarely on the moving party, who must "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Gross*, 648 S.W.2d at 856. "Similarly, CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884; *see also McQueen*, 948 S.W.2d at 416. Finally, a CR 60.02(f) motion must be made "within a reasonable time." *See* CR 60.02; *Gross*, 648 S.W.2d at 858; *see also Foley*, 425 S.W.3d at 884.

We agree with the Commonwealth that Tyler's February 5, 2024, motion for relief under CR 60.02 (hereinafter "Tyler's 2024 Motion") was successive, untimely, and without merit. While our Supreme Court described CR 60.02(f) as a "catchall provision" in *Sanders v. Commonwealth*, it clearly advised that CR 60.02(f) may only be invoked under the most unusual circumstances and

-11-

only upon the showing of some "flagrant miscarriage of justice." 339 S.W.3d 427, 437 (Ky. 2011); *Foley*, 425 S.W.3d at 885-86 (citing *Gross*, 648 S.W.2d at 858).

Tyler's 2024 Motion fails to provide any "reason of an extraordinary nature justifying relief." CR 60.02(f). Rather, she seeks to mitigate and reduce the term of her sentence, which she describes as punitive instead of rehabilitative. TR 1 Supp., at p. 4. Tyler knowingly and voluntarily pled guilty to three first-degree felonies and accepted the Commonwealth's sentencing offer of 10 years' incarceration, the statutory minimum for her crimes. KRS 532.040. She also agreed that she should not be probated or paroled until she served 85% of her sentence, and that she would not appeal her conviction. Yet, that is exactly what Tyler has done five times, by virtue of seeking shock probation twice and now, five years after her guilty plea, making her third attempt for CR 60.02 relief. The Trial Court's Order denied Tyler's 2024 Motion, concluding that it could not grant her the relief she requested under CR 60.02(f), citing this Court's opinion in *Ramsey*, 453 S.W.3d 738.

In *Ramsey*, this Court opined that CR 60.02 "specifically functions to address significant defects in the trial proceedings." *Ramsey*, 453 S.W.3d at 739 (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). Even health or family hardships resulting from incarceration, which Tyler has not

-12-

sufficiently pled, do not amount to a "substantial miscarriage of justice," that CR 60.02(f) can remedy. *Id.*

Tyler's alleged hardships as the result of incarceration "are not tantamount to trial defects and therefore do not amount to claims of 'an extraordinary nature justifying (CR 60.02) relief.'" *Ramsey*, 453 S.W.3d at 739 (quoting *Sanders*, 339 S.W.3d at 437). The relief Tyler seeks – mitigation of her sentence for good behavior and rehabilitation – are "instead issues to be considered by a parole board," or on a petition for clemency after she serves 85% of the incarceration term to which she agreed. *Id.* at 739; *see also McQueen*, 948 S.W.2d at 418 ("even if these facts [of rehabilitation] were proven, they would afford no basis for relieving Appellant from the punishment legally imposed for the crimes which he has committed").

The Trial Court explicitly followed this Court's direction in *Ramsey* in denying Tyler's 2024 Motion as untimely, successive, and meritless. Therefore, we find that the Trial Court's Order was fair, reasonable, and supported by sound legal authority and principles.

## C. Ineffective Assistance of Counsel and Cumulative Error

Having established that Tyler's 2024 Motion is untimely, successive, and meritless, we need not address the substance of her claims of ineffective

-13-

assistance of counsel and cumulative error. However, we do point out the procedural defects in Tyler's claims.

In *Gross*, the Kentucky Supreme Court clearly delineated the proper "structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case" – an interrelationship between CR 60.02 and RCr 11.42, which is "not haphazard and overlapping, but is organized and complete." 648 S.W.2d at 856; *see also McQueen*, 948 S.W.2d at 416. As the Kentucky Supreme Court has explained:

> "It has long been the policy of this court that errors occurring during the trial should be corrected on *direct* appeal, and the grounds set forth under the various subsections of CR 60.02 deal with *extraordinary* situations which do not as a rule appear during the progress of a trial. Although the rule does permit a direct attack by motion where the judgment is voidable—as distinguished from a void judgment—this direct attack is *limited to specific subsections* set out in said rule . . ." (emphasis added).

> RCr 11.42 provides a procedure for a motion to vacate, set aside or correct sentence for "a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge." It provides a vehicle to attack an erroneous judgment for reasons which are not accessible by direct appeal. In subsection (3) it provides that "the motion shall state *all* grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude *all* issues that could reasonably have been presented in the same proceeding." (emphasis added).

-14-

*Gross*, 648 S.W.2d at 856 (quoting *Howard v. Commonwealth*, 364 S.W.2d 809, 810 (Ky. 1963)) (emphasis in original).

Tyler failed to file a RCr 11.42 motion at all, to set aside her conviction for ineffective assistance of counsel, cumulative error, or any other ground. Further, she failed to preserve these claims, which were known to her since the date of her sentencing hearing. Tyler's 2024 Motion cites the Sixth Amendment of the U.S. Constitution but provides no claim that her Sixth Amendment rights were violated or that there existed such cumulative error that her conviction was unfair. Tyler stated that her public defender advised her that, if she did not accept the Commonwealth's plea offer in 2019, she could be charged as a persistent felony offender. However, she did not provide evidence or other information regarding whether she did or did not have prior offenses that may have made such a risk plausible.[2]

Moreover, Tyler explicitly agreed to the Commonwealth's sentencing recommendation and did not seek mitigation of her incarceration when the Trial Court presented her the opportunity. Finally, because Tyler only referenced her alleged ineffective assistance of counsel and cumulative error in her appellate brief, the Trial Court had no opportunity to review her claims.

---

[2] See AOC Pre-Trial Report listing Tyler's prior offenses at TR 1, pp. 15-16.

As Tyler failed to plead ineffective assistance of counsel or cumulative error using the proper procedures or to preserve said deficiencies in her 2024 Motion, we have nothing to review on appeal.

**D. Sanctions**

Finally, we address the Commonwealth's request for this Court to impose sanctions on Tyler by instructing the Trial Court to deny all future requests for post-conviction relief.  While we decline the Commonwealth's request to bar Tyler from filing pleadings, we do agree that action is necessary to curb Tyler from continuing her series of meritless post-conviction motions.  In *Cardwell v. Commonwealth*, this Court sanctioned the appellant for filing frivolous, successive post-conviction motions.  354 S.W.3d 582, 585 (Ky. App. 2011).  Since the DPA has already advised this Court that it is unwilling to represent Tyler any longer under KRS 31.110(2)(c) without another Court order, we hereby direct the Trial Court, as we did in *Cardwell*, to deny any future requests from Tyler for *in forma pauperis* status to pursue subsequent collateral attacks.  If she believes that she can make a motion that has merit and that has not already been heard or prohibited, she can use her prison account funds to pay the fees associated with such motion, just as someone of means can determine how to use their resources, albeit greater.

In addition, we strongly urge Tyler to heed our warning that successive motions to vacate her conviction based on grounds that have been, or

should have been, raised is not only improper, but may necessitate additional sanctions in the future. As this Court stated in *Cardwell*, an appellant that ignores our warning to halt future filings of successive post-conviction motions risks sanctions. 354 S.W.3d at 585. Moreover, should Tyler file additional appellate briefs, any failure to meet deadlines or otherwise comply with the RAP may incur immediate dismissal by this Court. We would urge Tyler to use her remaining time in prison to focus on more constructive pursuits, such as her rehabilitation.

## IV.  Conclusion

For the reasons stated, the McCracken Circuit Court's Order dated February 14, 2024, is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Teresa Rene Tyler, *pro se*              Russell Coleman
PeWee Valley, Kentucky                  Attorney General of Kentucky

                                        J. Grant Burdette
                                        Assistant Solicitor General
                                        Frankfort, Kentucky